IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL KUCK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-831-SLR |
| | ) |
| VERITAS SOFTWARE CORPORATION, | ) |
| EDWIN J. GILLIS and GARY L. | ) |
| BLOOM, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 2d day of March, 2005, having considered defendants' motion to reconsider the court's order denying their motion to transfer and the papers submitted in connection therewith;

IT IS ORDERED that defendants' motion for reconsideration (D.I. 33) is **denied** for the following reasons:

1. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex-rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the decision was rendered; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

2.   Defendants contend reconsideration is warranted because a December 2004 proposed merger of Veritas with Symantec "escalates the liklihood" that unidentified, potential witnesses may not be employed by the time the case goes to trial and, consequently, this court will not have the power to compel their testimony at trial.  (D.I. 34 at 2)

3.   The court finds defendants have failed to demonstrate factors warranting reconsideration, in view of the availability of this information prior to the court's decision and the purely speculative and nonspecific nature of problems with unidentified witnesses.  NOTE:  THE COURT WILL NOT ENTERTAIN FURTHER RECONSIDERATION OF THIS ISSUE.

_____
United States District Judge