IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE VERITAS SOFTWARE CORP.<br>SECURITIES LITIGATION | )<br>)<br>)<br>)<br>) | Case No: 04-CV-831 (SLR)<br>Consolidated Action |

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

OF COUNSEL:
Nina F. Locker, Esquire
Peri Nielsen, Esquire
WILSON SONSINI
  GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

Peter J. Walsh, Jr. (DSB ID No. 2437)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Email: pwalsh@potteranderson.com

*Attorneys for Defendants VERITAS Software Corporation, Edwin J. Gillis, Gary L. Bloom and John Brigden*

Dated July 20, 2005

691274v1/28298

Defendants VERITAS Software Corporation ("VERITAS"), Gary L. Bloom, Edwin J. Gillis and John Brigden (collectively, "defendants") hereby request that the Court take judicial notice of the following documents, attached as exhibits to the Declaration of Peter J. Walsh, Jr. in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint ("Walsh Decl."):

**Documents Filed with the Securities and Exchange Commission ("SEC")**

1. Excerpts from VERITAS' Form 10-Q for the quarter ended September 30, 2003 (filed on November 14, 2003) (Walsh Decl. Ex. A).

2. Excerpts from VERITAS' Form 10-K for the fiscal year ended December 31, 2003 (filed on June 14, 2004) (Walsh Decl. Ex. B).

3. Excerpts from VERITAS' Form 10-Q for the quarter ended March 31, 2004 (filed on June 14, 2004) (Walsh Decl. Ex. C).

4. Excerpts from VERITAS' Proxy Statement (filed with the SEC on July 21, 2004) (Walsh Decl. Ex. D).

5. Excerpts from VERITAS' Form 10-Q for the quarter ended June 30, 2004 (filed on August 9, 2004) (Walsh Decl. Ex. E).

6. Forms 4 filed by Gary L. Bloom (for transactions dated 11/10/2003; 11/24/2003; 12/8/2003; 12/22/2003; 1/5/2004; 1/12/2004; 1/20/2004; 2/2/2004; 2/17/2004; and 3/1/2004) (Walsh Decl. Ex. L).

7. Forms 4 filed by Edwin J. Gillis (for transactions dated 11/10/2003; 11/24/2003; 11/26/2003; 12/8/2003; 12/16/2003; 12/29/2003; 1/5/2004; 1/20/2004; 2/6/2004; 2/18/2004; 3/4/2004) (Walsh Decl. Ex. M).

8.  Press Release, dated March 15, 2004, attached to VERITAS' Form 8-K (filed on March 15, 2004) (Walsh Decl. Ex. F).

9.  Press Release, dated April 21, 2004, attached to VERITAS Form 8-K (filed with the SEC on April 21, 2004) (Walsh Decl. Ex. G).

10. Press Release, dated July 6, 2004, attached to VERITAS' Form 8-K (filed on July 6, 2004) (Walsh Decl. Ex. H).

11. Press Release, dated July 7, 2004, attached to BMC's Form 8-K (filed with the SEC on July 7, 2004) (Walsh Decl. Ex. N).

12. Press Release, dated July 15, 2004, attached to IBM's Form 8-K (filed with the SEC on July 15, 2004) (Walsh Decl. Ex. O).

13. Press Release, dated July 7, 2004, attached to Siebel's Form 8-K (filed with the SEC on July 7, 2004) (Walsh Decl. Ex. P).

**Transcripts**

14. VERITAS Conference Call Transcript, dated January 28, 2004 (Walsh Decl. Ex. I).

15. Transcript of introductory statements made at May 5, 2004 Analyst Day Conference in Las Vegas, Nevada (Walsh Decl. Ex. J).

16. VERITAS Conference Call Transcript, dated July 27, 2004 (Walsh Decl. Ex. K).

I.  **THIS COURT MAY TAKE JUDICIAL NOTICE OF SEC FILINGS AND PRESS RELEASES**

This Court may take judicial notice of documents filed with the SEC and matter of public record. *See* Walsh. Decl. Exs. A-H; L-P.

Courts may take judicial notice of documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When documents are "required by law to be filed, and actually filed, with federal or state officials," those documents are deemed inherently reliable and the Court may take judicial notice of those documents on a motion to dismiss. *See, e.g., DiLorenzo v. Edgar*, No. 03-841, 2004 WL 609374, at *2 (D. Del. Mar. 4, 2004) (attached hereto as Exhibit A). As such, courts routinely take judicial notice of SEC filings even when those filings are not specifically referenced in the complaint. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (approving judicial notice of "documents filed with the SEC, but not relied upon in the [c]omplaint").

The SEC filings at issue here are all "required by law to be filed with the SEC, and no serious questions as to their authenticity can exist." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)) (taking judicial notice of Forms 4 filed with the SEC). Therefore, this Court may take judicial notice of the Forms 10-Q, Form 10-K, Forms 8-K, Forms 4 and the Proxy Statement filed by VERITAS with the SEC.[1]

---

[1]  This Court may consider the above-referenced press releases not only because they are attached to SEC filings, but also because they are matters of public record. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d at 1331 (court may take judicial notice of SEC filings,
(continued...)

II.   **THIS COURT MAY TAKE JUDICIAL NOTICE OF THE TRANSCRIPT OF VERITAS' CONFERENCE CALLS**

A court may take judicial notice of the transcript of a conference call or public earnings announcement if the plaintiff relies on that information in the complaint. *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of conference call transcripts that contained safe harbor statements and that had been relied upon by the complaint).

Exhibit K is a transcript of the conference call on July 27, 2004. Plaintiffs cited and relied upon this conference call in their complaint. ¶43.

Exhibit J is a transcript of the opening statements made by Renee Budig during the Analyst Day Conference on May 5, 2004. *See e.g.*, *In re Best Buy Co., Inc. Sec. Litig.*, No. 03-6193, 2005 U.S. Dist. LEXIS 6427, at *19 (D. Minn. Apr. 12, 2005) (court considered conference call transcript to determine whether opening statements were sufficient to invoke the safe harbor) (attached hereto as Exhibit B); *Midway Games*, 332 F. Supp. 2d at 1170 (same).

Finally, Exhibit I is a conference call transcript from January 28, 2004, in which the Company discusses the financial results announced in a press release issued the same day and disclosed that VERITAS had entered into 286 deals over $100,000 in the fourth quarter of 2003. Paragraph 30 of plaintiffs' complaint references the January 28, 2004 press release. In this situation, the Court may judicially notice the conference call transcript because it reveals information that was also made available to the market at the

---

(...continued from previous page)
press releases and stock prices); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) (court may take judicial notice of press releases).

same time as the press release. *See In re Gilead Sciences Securities Litigation* 2005 WL 181885, at *4 (N.D. Cal., Jan. 26, 2005) (taking judicial notice of transcript of conference call conducted on the same day as an allegedly false press release because "the statements made in the conference call directly relate to the claim of fraud on the market and the transcript reflects information available to the market at the time.") (attached hereto as Exhibit C).

### III. CONCLUSION

The Defendants respectfully request that this Court grant their request for judicial notice of the above listed documents.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
Nina F. Locker, Esquire
Peri Nielsen, Esquire
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

By: _____
Peter J. Walsh, Jr. (DSBID No. 2437)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Email: pwalsh@potteranderson.com

*Attorneys for Defendants VERITAS Software Corporation, Edwin J. Gillis, Gary L. Bloom and John Brigden*

Dated July 20, 2005

691274v2/28298

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Peter J. Walsh, Jr., hereby certify that on July 20, 2005, I caused true and correct copies of the foregoing DEFENDANTS' REQUEST FOR JUDICIAL NOTICE to be electronically filed with the Clerk of the Court using CM/ECF which is available for public viewing an downloading, and which will send notification of such filing to the following counsel of record:

> Norman M. Monhait, Esquire (DSB ID No. 1040)
> Rosenthal, Monhait, Gross & Goddess, P.A.
> 919 Market Street, Suite 1401
> Post Office Box 1070
> Wilmington, Delaware 19899-1401
> Tel: (302) 656-4433
> Email: nmonhait@rmgglaw.com

I hereby further certify that on July 20, 2005, I have caused the foregoing document to also be delivered by FedEx/Next Business Morning delivery to the following non-registered participant:

> Christopher J. Keller, Esquire
> Goodkind Labaton Rudoff & Sucharow LLP
> 100 Park Avenue
> New York, New York 10017

_____
Peter J. Walsh, Jr. (DSB ID No. 2437)
POTTER ANDERSON & CORROON, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Email: pwalsh@potteranderson.com

691274v2/28298