**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | Case No: 04-CV-831 (SLR) Consolidated Action **JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant VERITAS Software Corporation ("VERITAS" or the "Company"),

Gary L. Bloom, Edwin J. Gillis, and John Brigden (collectively "Defendants") hereby

answer and assert defenses to Plaintiffs' Second Consolidated Amended Class Action

Complaint ("Complaint"). To the extent not specifically admitted, all allegations of the

Complaint are denied.

**ANSWER**

To the extent any response is required to the Complaint's introductory paragraph,

Defendants lack knowledge and information sufficient to form a belief as to the truth of

the allegations contained therein and, on that basis, deny them.

**NATURE OF THE ACTION[1]**

1.      Answering Paragraph 1, Defendants note that the allegations of Paragraph

1 contain legal conclusions and Plaintiffs' characterizations, to which no response is

required. To the extent that a response is required, Defendants admit that Plaintiffs

purport to bring this action as a securities class action against Defendants on behalf of

persons and entities who purchased or otherwise acquired positions in the publicly traded

securities of VERITAS between April 23, 2003 and July 6, 2004. Defendants admit

---

[1] This heading and other similar headings in this Answer are reiterated from the same headings in the Complaint. These headings are listed for convenience only. To the extent that any of the headings in the Complaint purport to contain substantive allegations requiring a response, Defendants deny each and every allegation contained in any headings.

individual defendants Bloom and Gillis sold stock during the Class Period for combined gross proceeds of more than $4.8 million. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 1.

## JURISDICTION AND VENUE

2.    Answering Paragraph 2, Defendants admit Plaintiffs are asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, although Defendants deny that any acts or omissions occurred in violation of any of these provisions. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 2.

3.    Answering Paragraph 3, Defendants admit the allegations in Paragraph 3.

4.    Answering Paragraph 4, Defendants admit the allegations in Paragraph 4.

5.    Answering Paragraph 5, Defendants admit that they have directly or indirectly used the means and instrumentalities of interstate commerce in issuing VERITAS' press releases and filings with the Securities and Exchange Commission ("SEC"). Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 5.

## THE PARTIES

6.    Answering Paragraph 6, Defendants deny that any person or entity acquired positions in VERITAS publicly traded securities at artificially high prices or that any person or entity has been damaged as a result of misconduct or securities law violations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning the details of the alleged purchases made by Lead Plaintiffs and on that basis deny each and every such allegation. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 6.

7.    Answering Paragraph 7, Defendants admit that VERITAS was a Delaware corporation that maintained its principal place of business in Mountain View, California and was founded in 1989. The description of VERITAS contained in press releases

speaks for itself. In December 2004 an agreement was reached whereby VERITAS would be acquired by Symantec Corporation and this merger was completed on July 2, 2005. VERITAS is now a wholly-owned subsidiary of Symantec. VERITAS securities no longer trade on the NASDAQ National Market.

8.    Answering Paragraph 8, Defendants note that the allegations of Paragraph 8 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. Further, VERITAS and individual defendants Gillis and Brigden lack information and knowledge sufficient to form a belief as to the truth of the allegations concerning individual defendant Bloom and, on that basis, deny the allegations of Paragraph 8.

Defendants admit that individual defendant Bloom joined VERITAS in 2000 and, during the Class Period, served as the Company's Chief Executive Officer, President, and Chairman of the Board of Directors. Defendants admit that Plaintiffs purport to quote from the Company's website but state the content of the Company's website speaks for itself. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 8(a).

Defendants admit that individual defendant Bloom signed VERITAS filings with the SEC when he was the Chief Executive Officer of VERITAS. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 8(b).

Defendants admit that individual defendant Bloom reviewed and approved certain VERITAS press releases when he was the Chief Executive Officer of VERITAS. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 8(c).

Defendants admit that individual defendant Bloom participated in certain conference calls with analysts while he was the Chief Executive Officer of VERITAS. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 8(d).

Individual defendant Bloom admits that during the Class Period he sold 65,500 VERITAS shares, for gross proceeds of approximately $2,422,348. Except as specifically admitted herein, Bloom denies each and every allegation of sub-Paragraph 8(e).

9.    Answering Paragraph 9, Defendants note that the allegations of Paragraph 9 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. Further, VERITAS and individual defendants Bloom and Brigden lack information and knowledge sufficient to form a belief as to the truth of the allegations concerning individual defendant Gillis and, on that basis, deny the allegations of Paragraph 9.

Defendants admit that individual defendant Gillis joined VERITAS in November 2002 and served as the Company's Chief Financial Officer and Executive Vice President. Defendants admit that Plaintiffs purport to quote from the Company's website but state the content of the Company's website speaks for itself. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 9(a).

Defendants admit that individual defendant Gillis signed VERITAS filings with the SEC when he was the Chief Financial Officer of VERITAS. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 9(b).

Defendants admit that individual defendant Gillis reviewed and approved certain VERITAS press releases when he was the Chief Financial Officer of VERITAS. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 9(c).

Defendants admit that individual defendant Gillis participated in certain conference calls with analysts when he was the Chief Financial Officer of VERITAS. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 9(d).

Individual defendant Gillis admits that during the Class Period he sold 90,000 VERITAS shares, for gross proceeds of approximately $3,237,300. Except as specifically admitted herein, Gillis denies each and every allegation of sub-Paragraph 9(e).

10.    Answering Paragraph 10, Defendants admit that individual defendant Brigden joined VERITAS in May 2001. Defendants admit Brigden became the Company's Senior Vice President in May 2003. Defendants admit that Brigden served as the Company's Chief Compliance Officer and Secretary for a period of time. Defendants admit that Plaintiffs purport to quote from the Company's website but state the content of the Company's website speaks for itself. Except as specifically admitted herein, Defendants deny each and every allegation of sub-Paragraph 10(a).

Defendants deny each and every allegation of sub-Paragraph 10(b).

11.    Answering Paragraph 11, no response is required to Plaintiffs' statement that the Complaint collectively refers to individual defendants Bloom, Gillis and Brigden as the "Individual Defendants."

12.    Answering Paragraph 12, Defendants note that the allegations of Paragraph 12 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 12.

13.    Answering Paragraph 13, Defendants note that the allegations of Paragraph 13 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny the first sentence of Paragraph 13. Defendants admit that individual defendants Bloom, Gillis, and Brigden in their respective positions, and in varying degrees, participated in the management and operation of VERITAS and in the drafting and/or review of SEC filings and press releases. Plaintiffs fail to identify the "other publications" referenced in Paragraph 13 and, on that basis, Defendants deny each and every allegation of Paragraph

13 related to such "other publications." Defendants deny the fifth sentence of Paragraph 13. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 13.

14.    Answering Paragraph 14, Defendants note that the allegations of Paragraph 14 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit that VERITAS was traded on the NASDAQ National Market and registered with the SEC. Defendants further admit that, based on their respective positions with the Company, individual defendants Bloom, Gillis and Brigden had certain duties under the federal securities laws, which laws speak for themselves. Defendants deny the second sentence of Paragraph 14. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 14.

15.    Answering Paragraph 15, Defendants note that the allegations of Paragraph 15 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit that individual defendants Bloom, Gillis, and Brigden in their respective positions, and in varying degrees, controlled the content of the Company's SEC filings and press releases during the Class Period. Plaintiffs fail to identify the "other public statements" referenced in Paragraph 15 and, on that basis, Defendants deny each and every allegation of Paragraph 15 related to such "other public statements." Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 15.

16.    Answering Paragraph 16, Defendants note that the allegations of Paragraph 16 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit that the individual defendants in their respective positions at various times had access to certain confidential proprietary information concerning VERITAS and its business, operations,

prospects, growth, finances, and financial condition. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 16.

## CLASS ACTION ALLEGATIONS

17.     Answering Paragraph 17, Defendants note that the allegations of Paragraph 17 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit that Lead Plaintiffs purport to bring this class action on behalf of persons and entities that purchased or otherwise acquired positions in VERITAS publicly traded securities between April 23, 2003 and July 6, 2004 and Lead Plaintiffs purport to exclude from the Class the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company has a controlling interest or which the Company is a parent or subsidiary. Defendants deny that this action may be properly maintained as a class action or that any putative class members were damaged. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 17.

18.     Answering Paragraph 18, Defendants admit that Plaintiffs contend the members of the purported Class are located in geographically diverse areas and are so numerous that joinder of all members is impractical but state that such contentions are legal conclusions as to which no response is required. Defendants admit that as of May 28, 2004 the Company had over 431 million shares of common stock issued and outstanding. Defendants lack sufficient information to form a belief as to the truth of the allegations in the third sentence of Paragraph 18 and, on that basis, deny the allegations. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 18.

19.     Answering Paragraph 19, Defendants note that the allegations of Paragraph 19 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants lack

information sufficient to form a belief as to the truth of the allegations concerning the purported existence of common questions of law and/or fact among members of the purported Class and/or the alleged predominance of such purported common issues over questions solely affecting individual members of the purported Class, and, on that basis, deny each and every allegation of Paragraph 19.

20.    Defendants note that the allegations of Paragraph 20 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants lack information sufficient to form a belief as to the truth of the allegations concerning the purported typicality of the alleged claims of the Lead Plaintiffs with the alleged claims of the purported Class members, and, on that basis, deny each and every allegation of Paragraph 20.

21.    Defendants note that the allegations of Paragraph 21 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants lack information sufficient to form a belief as to the truth of the allegations concerning whether Lead Plaintiffs will fairly and adequately protect the interests of the members of the Class and whether Lead Plaintiffs have no interests antagonistic to or in conflict with the purported class members, and, on that basis, deny each and every allegation of Paragraph 21.

22.    Defendants note that the allegations of Paragraph 22 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants lack information sufficient to form a belief as to the truth of the allegations concerning whether a class action is superior to other available methods of adjudication, and, on that basis, deny each and every allegation of Paragraph 22.

## CONFIDENTIAL WITNESSES

23.    Answering Paragraph 23, Defendants note that Plaintiffs fail to identify any of their purported witnesses and, therefore, Defendants lack sufficient information to

form a belief as to the truth of the allegations relating to the "confidential witnesses" and, on that basis, deny each and every allegation of Paragraph 23.

## DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS

24.     Answering Paragraph 24, Defendants admit the Company issued a press release on April 23, 2003, which release speaks for itself. Defendants admit that the price of the Company's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 24.

25.     Answering Paragraph 25, Defendants admit the Company filed its Form 10-Q with the SEC on May 14, 2003 reporting its financial results for the first quarter of 2003, which Form speaks for itself. Defendants admit the Form 10-Q was signed by individual defendant Gillis and that individual defendants Bloom and Gillis signed certifications regarding the accuracy of the filing. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 25.

26.     Answering Paragraph 26, Defendants admit the Company issued a press release on July 23, 2003, which release speaks for itself. Defendants admit that the price of the Company's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 26.

27.     Answering Paragraph 27, Defendants admit the Company filed its Form 10-Q with the SEC on August 14, 2003 reporting its financial results for the second quarter of 2003, which Form speaks for itself. Defendants admit the Form 10-Q was signed by individual defendant Gillis and that individual defendants Bloom and Gillis signed certifications regarding the accuracy of the filing. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 27.

28.     Answering Paragraph 28, Defendants admit the Company issued a press release on October 22, 2003, which release speaks for itself. Defendants admit that the

price of the Company's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 28.

29. Answering Paragraph 29, Defendants admit the Company filed its Form 10-Q with the SEC on November 14, 2003 reporting its financial results for the third quarter of 2003, which Form speaks for itself. Defendants admit the Form 10-Q was signed by individual defendant Gillis and that individual defendants Bloom and Gillis signed certifications regarding the accuracy of the filing. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 29.

30. Answering Paragraph 30, Defendants admit the Company issued a press release on January 28, 2004, which release speaks for itself. Defendants admit that the price of the Company's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 30.

31. Answering Paragraph 31, Defendants note that the allegations of Paragraph 31 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. Defendants admit the Company restated certain of its financial statements, which restatements speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 31.

32. Answering Paragraph 32, Defendants admit the Company issued a press release on March 15, 2004, which release speaks for itself. Defendants admit that the price of the Company's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 32.

33. Answering Paragraph 33, Defendants note that the allegations of Paragraph 33 contain legal conclusions and Plaintiffs' characterizations, to which no

response is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 33.

34.    Answering Paragraph 34, Defendants admit the Company issued a press release on April 21, 2004, which release speaks for itself. Defendants also admit there was a conference call with analysts and investors on April 21, 2004, during which individual defendant Gillis stated "This quarter we shipped . . . 246 transactions over $100,000. The median deal size for transactions over $100,000 was $190,000." Defendants admit that the price of the Company's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 34.

35.    Answering Paragraph 35, Defendants note that the allegations of Paragraph 35 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny the first sentence of Paragraph 35. Defendants admit the Company issued a press release on March 31, 2005 regarding the filing of its 2004 annual financial report, which release speaks for itself. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 35.

36.    Answering Paragraph 36, Defendants admit the allegations of Paragraph 36.

37.    Answering Paragraph 37, Defendants admit the Company issued a press release on June 14, 2004, which release speaks for itself. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 37.

38.    Answering Paragraph 38, Defendants admit the Company filed its Form 10-K with the SEC on June 14, 2004 reporting its financial results for fiscal year 2003, which Form speaks for itself. Defendants admit the Form 10-K was signed by individual defendants Bloom and Gillis and that individual defendants Bloom and Gillis signed

-11-

certifications regarding the accuracy of the filing. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 38.

39.     Answering Paragraph 39, Defendants admit the Company filed its Form 10-Q with the SEC on June 14, 2004 reporting its financial results for the first quarter of 2004, which Form speaks for itself. Defendants admit the Form 10-Q was signed by individual defendant Gillis and that individual defendants Bloom and Gillis signed certifications regarding the accuracy of the filing. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 39.

40.     Answering Paragraph 40, Defendants note that the allegations of Paragraph 40 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 40.

41.     Answering Paragraph 41, Defendants note that the allegations of Paragraph 41 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. Defendants lack sufficient information to form a belief as to the truth of the allegations of what "confidential witnesses" purportedly told Plaintiffs and, on that basis, deny each and every allegation of Paragraph 41.

42.     Answering Paragraph 42, Defendants note that the allegations of Paragraph 42 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 42.

43.     Answering Paragraph 43, Defendants note that the allegations of Paragraph 43 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. Defendants further note the allegations of Paragraph 43 reference announcements made by the Company on April 21, 2004, May 5, 2004 and June 14, 2004, which announcements speak for themselves. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 43.

44.    Answering Paragraph 44, Defendants note that the allegations of Paragraph 44 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit the Company announced on July 6, 2004 that revenue for the second quarter of 2004 would be in the range of $475 million to $485 million and that GAAP earnings would be in the range of $0.17 to $0.19 per share. Defendants admit the Company's stock price decreased from $26.55 to $17.00 on increased trading after the announcement. Defendants admit individual defendants Bloom and Gillis made statements on July 27, 2004 and August 11, 2004 and refer to the conference call transcripts for a full recital of the content of those statements. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 44.

## ADDITIONAL SCIENTER ALLEGATIONS

### VERITAS' Deteriorating Financial Condition During the Class Period

45.    Answering Paragraph 45, Defendants note that the allegations of Paragraph 45 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. Defendants further note that the allegations of Paragraph 45 are purportedly based on statements made by confidential witnesses to Plaintiffs' counsel and, therefore, Defendants lack sufficient information to form a belief as to the truth of the allegations and, on that basis, deny each and every allegation of Paragraph 45.

46.    Answering Paragraph 46, Defendants deny the first sentence of Paragraph 46. Defendants admit the chart of stock sales in Paragraph 46, though not completely accurate, reflects the stock sales made by individual defendants Bloom and Gillis during the class period pursuant to pre-determined stock trading plans.

47.    Answering Paragraph 47, Defendants deny the first sentence of Paragraph 47. Defendants admit that individual defendants Bloom and Gillis did not sell any VERITAS shares prior to the Class Period. Defendants admit Bloom was an officer of VERITAS beginning in 2000. Defendants admit the individual defendants Bloom and

Gillis made stock sales pursuant to their pre-determined stock trading plans. Those sales are a matter of public record and speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 47.

48.    Answering Paragraph 48, Defendants note that the allegations of Paragraph 48 contain Plaintiffs' characterizations, to which no response is required. Defendants admit that individual defendants Bloom and Gillis made stock sales pursuant to their pre-determined stock trading plans and those stock sales generally involved the exercise of vested options at a price of approximately $16.00 per share. Defendants deny that any of these exercised options were sold at an artificially inflated price. Defendants admit that, pursuant to the pre-determined stock trading plans for individual defendants Bloom and Gillis, a certain amount of vested options were exercised and sold simultaneously. Defendants further admit individual defendants Bloom and Gillis exercised and sold 65,500 and 90,000 VERITAS stock options respectively during the purported Class Period. Defendants admit individual defendants Bloom and Gillis owned 3,392 and 994 shares of VERITAS stock respectively. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 48.

49.    Answering Paragraph 49, Defendants note that the allegations of Paragraph 49 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit the Company's acquisition of Precise Software Solutions, Ltd. included, among other consideration, approximately 7.3 million shares of VERITAS common stock valued at approximately $210.6 million. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 49.

50.    Answering Paragraph 50, Defendants note that the allegations of Paragraph 50 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny the first sentence of Paragraph 50. Defendants admit individual defendants Bloom and Gillis

entered into "change of control" agreements with the Company in March 2004, which agreements speak for themselves. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations regarding analysts talking about VERITAS as an acquisition candidate and, on that basis, deny these allegations. Defendants admit VERITAS was discussed in the Piper Jaffray Company Note dated July 6, 2004, a document that speaks for itself. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 50.

51.    Answering Paragraph 51, Defendants note that the allegations of Paragraph 51 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 51.

52.    Answering Paragraph 52, Defendants note that the allegations of Paragraph 52 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 52.

### Fraud on the Market Presumption

53.    Answering Paragraph 53, Defendants note that the allegations of Paragraph 53 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit Plaintiffs contend that they will rely on the "fraud-on-the-market doctrine" to meet the reliance element of their alleged claims for various enumerated reasons, but state that such contention constitutes a legal conclusion as to which no response is required. Defendants admit the Company's securities were traded on the NASDAQ National Market, and that Plaintiffs contend the NASDAQ National Market is an "efficient and open market." Defendants admit Plaintiffs contend VERITAS' securities were followed by numerous analysts and traded in a market with "numerous market makers." Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 53.

54.    Answering Paragraph 54, Defendants deny each and every allegation of Paragraph 54.

### The Safe Harbor Provision is Inapplicable

55.    Answering Paragraph 55, Defendants admit that Plaintiffs contend the statutory safe harbor provided by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(i)(1) for forward-looking statements does not apply for various enumerated reasons, but state that such contention constitutes a legal conclusion as to which no response is required. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 55.

### COUNT I

### For Violations of Sections 10(b) and Rule 10b-5 Thereunder

56.    Answering Paragraph 56, Defendants incorporate each and every response contained above as if fully set forth herein.

57.    Answering Paragraph 57, Defendants deny each and every allegation of Paragraph 57.

58.    Answering Paragraph 58, Defendants admit that Plaintiffs purport to bring this action against Defendants as either primary participants in the alleged wrongful and illegal conduct or as control persons, but deny that they have committed any wrongdoing whatsoever in connection with the events alleged in the Complaint. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 58.

59.    Answering Paragraph 59, Defendants deny each and every allegation of Paragraph 59.

60.    Answering Paragraph 60, Defendants deny each and every allegation of Paragraph 60.

61.    Answering Paragraph 61, Defendants deny each and every allegation of Paragraph 61.

62.    Answering Paragraph 62, Defendants deny each and every allegation of Paragraph 62.

63.    Answering Paragraph 63, Defendants deny each and every allegation of Paragraph 63.

64.    Answering Paragraph 64, Defendants deny each and every allegation of Paragraph 64.

65.    Answering Paragraph 65, Defendants deny each and every allegation of Paragraph 65.

66.    Answering Paragraph 66, Defendants deny each and every allegation of Paragraph 66.

## COUNT II

### For Violation of Section 20(a) Of The Exchange Act

*(Against the Individual Defendants)*

67.    Answering Paragraph 67, Defendants incorporate each and every response contained above as if fully set forth herein.

68.    Answering Paragraph 68, Defendants note that the allegations of Paragraph 68 contain legal conclusions and Plaintiffs' characterizations, to which no response is required. To the extent that a response is required, Defendants admit that, by virtue of their positions, individual defendants Bloom and Gillis had the power to, and did, influence to some extent the decision making of the Company. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 68.

69.    Answering Paragraph 69, Defendants note that the allegations of Paragraph 69 contain legal conclusions, to which no response is required.

70.    Answering Paragraph 70, Defendants deny each and every allegation of Paragraph 70.

71.    Answering Paragraph 71, Defendants deny each and every allegation of Paragraph 71.

## PRAYER

To the extent that any response is required to Plaintiffs' prayer for relief, Defendants deny each and every allegation contained therein.

Defendants reserve the right to amend their Answer as necessary once the precise nature of the relevant circumstances or events is determined through discovery.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged therein against Defendants fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

A portion or all of the alleged damages by plaintiffs and members of the putative class are attributable to causes other than the depreciation in value of the stock resulting from any alleged false and misleading statements or omissions made during the putative Class Period.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the members of the purported classes are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the members of the purported plaintiff class were expressly advised in VERITAS' public filings and otherwise regarding the material facts concerning their investments. Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

### FIFTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and members of the purported plaintiff classes, if any, is subject to offset in the amount of any tax benefits or

other benefits received by Plaintiffs or members of the purported plaintiff class through their investments.

## SIXTH AFFIRMATIVE DEFENSE

Statements allegedly made by Defendants are not subject to civil prosecution because of the statutory safe harbor created by the Private Securities Litigation Reform Act.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Defendants acted in good faith and in conformity with all applicable federal statutes, including the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

With respect to plaintiffs' claims under Section 10(b) of the 1934 Act, any recovery for damages allegedly incurred by plaintiffs, if any, is limited to the percentage of responsibility of the Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to plaintiffs' alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §78u-4(f)(3)(A).

## TENTH AFFIRMATIVE DEFENSE

Individual defendants Bloom and Gillis had, after reasonable investigation, reasonable grounds to believe and did believe, at the time they made any statements, that their statements were true and that there was no omission to state a material fact required to be stated or necessary to make their statements not misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

Many of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and other members of the putative class and were at all times reflected in the price of VERITAS' stock.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class were negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which they assert liability against Defendants. Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or in part, is Plaintiffs' negligence and their failure to exercise reasonable care.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants relied in good faith on VERITAS' experts, outside consultants and outside auditor.

Defendants reserve the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.    That judgment be entered in favor of Defendants;

2.    That Plaintiffs and the members of the purported plaintiff Class take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3.    For costs, attorneys' fees, expert witness fees and court hearing costs incurred herein; and

4.    For such other and further relief as this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Nina F. Locker, Esquire
Peri Nielsen, Esquire
David L. Lansky, Esquire
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

Dated:  September 22, 2006
751767 / 28298

By:  /s/ Kenneth L. Dorsney
        Peter J. Walsh, Jr. (DSB ID No. 2437)
        Kenneth L. Dorsney (DSB ID No. 3726)
        1313 North Market Street, 6th Floor
        Wilmington, Delaware  19899-0951
        Telephone:  (302) 984-6000
        pwalsh@potteranderson.com
        kdorsney@potteranderson.com

*Attorneys for Defendants VERITAS Software*
*Corporation, Edwin J. Gillis, Gary L. Bloom*
*and John Brigden*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on September 22, 2006, the attached document

was Electronically Mailed to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following and the

document is available for viewing and downloading from CM/ECF:

Norman Monhait (#1040)
Carmella P. Keener (#2810)
Rosenthal, Monhait & Goddess
Mellon Bank Center, Suite 1401
P. O. Box 1070
Wilmington, DE  19899-1070
nmonhait@rmgglaw.com
ckeener@rmgglaw.com

I hereby certify that on September 22, 2006, I have Electronically Mailed the documents

to the following non-registered participants:

Christopher J. Keller
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, NY  10017
ckeller@labaton.com

By: _/s/ Kenneth L. Dorsney_____
Peter J. Walsh, Jr. (#2437)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
pwalsh@potteranderson.com
kdorsney@potteranderson.com

735071 / 28298