IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE VERITAS SOFTWARE CORP.<br>SECURITIES LITIGATION | Case No: 04-CV-831 (SLR)<br>Consolidated Action |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

### [PROPOSED] STIPULATED CONFIDENTIALITY ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.  Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information subject to protection under the Federal Rules of Civil Procedure or Delaware law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.  Depositions taken in connection with this litigation, including transcripts, exhibits, and any other recordings in any form of any deposition, may be designated as "confidential" and treated as Confidential Information under this Order. The party seeking to designate depositions or exhibits "confidential" shall be responsible for ensuring that the court reporter, videographer, or other recorder of the deposition is informed of this Order, marks and binds all transcripts, videotapes, and other recordings as confidential, and treats all such transcripts, videotapes or other recordings as Confidential Information. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 9 below,

and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, anything designated as confidential pursuant to the terms of this Order ("Confidential Information") shall not be disclosed to any person other than:

> (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;
>
> (b) employees of such counsel;
>
> (c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;
>
> (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by VERITAS Software Corporation or one of its competitors (as listed on Appendix A),[1] the party shall notify the opposing party, or designating non-party, before

---

[1] For the purpose of this Confidentiality Order, VERITAS Software Corporation includes its parent Symantec Corporation.

disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) professional vendors to whom disclosure is reasonably necessary for this litigation;

(g) the Court, Court personnel and court reporters; and

(h) witnesses (other than persons described-in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document unless the party who designated the Confidential Information deems such a signature unnecessary. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition or in a court proceeding at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. The protection conferred by this Confidentiality Order covers not only Confidential Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be

attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

8. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Nothing in this Order shall restrict any party or non-party from voluntarily disclosing to others, without restriction, any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have fifteen (15) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material

confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential Information.

11. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence and deposition transcripts, shall either (a) return such documents to counsel for the party or non-party who provided such information no later than thirty (30) days after a request by such counsel, or (b) destroy such documents within ninety (90) days following the conclusion of this action and all appeals and certify in writing within thirty (30) days following destruction that the documents have been destroyed.

12. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.

13. If a party inadvertently produces confidential information without marking it as such, it may be disclosed to others until either the producing party advises the receiving party of the error in writing or it is unmistakable from the face document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party, whichever occurs first. Once made aware of the inadvertent production, the receiving party must treat the information as though it had been timely designated under this Confidentiality Order, and the receiving party must endeavor in good faith to obtain all copies of that it distributed or disclosed to persons not authorized by paragraph 4 herein, as well as any copies made by such persons.

14. If a party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges or work product protection. In such circumstances, the producing party shall immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within fifteen (15) days of receiving such notification, the receiving party shall (a) return or confirm destruction of all such materials,

including any summaries thereof, or (b) advise the producing party in writing that the receiving party disputes the claimed privilege or work product protection, in which circumstance the parties may submit the dispute to the Court for resolution. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than their inadvertent production.

15. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the party must so notify the designating party, in writing (by fax or email if possible) immediately and in no event more than seven (7) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party also must within ten (10) days inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Confidentiality Order and deliver to such person or entity a copy of this Confidentiality Order. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

16. This Confidentiality Order does not affect or waive any right that any party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Order. Similarly, this Confidentiality Order does not affect or waive any party's right to object on any ground to use in evidence any of the material covered by this Confidentiality Order.

17. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

18. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

19. The parties may modify this Confidentiality Order by written agreement, subject to approval by the Court. The Court may modify this Confidentiality Order.

**AGREED TO BY:**

DATED: October 20, 2006

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ Norman Monhait*

Norman Monhait (DSBA #1040)
Citizens Bank Center, Ste. 1401
P. O. Box 1070
Wilmington, DE 19899
Tel: (302) 656-4433

*Proposed Liaison Counsel for the Class*

**WECHSLER HARWOOD LLP**
Robert I. Harwood
Jeffrey M. Norton
488 Madison Avenue
New York, NY 10022
Tel: (212) 935-7400

**LABATON SUCHAROW & RUDOFF LLP**
Ira A. Schochet
David J. Goldsmith
100 Park Avenue
New York, NY 10017
Tel: (212) 907-0700

**SCHATZ NOBEL IZARD P.C.**
Andrew M. Schatz
Barbara F. Wolf
One Corporate Center
20 Church St., Ste 1700
Hartford, CT 06103
Tel: (860) 493-6292

*Proposed Co-Lead Counsel for the Class*

DATED: October 20, 2006                     POTTER ANDERSON & CORROON LLP

_____
Peter J. Walsh, Jr. (DSBA #2437)
1313 N. Market St.
Hercules Plaza, 6th Fl.
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6037

**WILSON SONSINI GOODRICH & ROSATI**
Nina F. Locker
Peri B. Nielsen
David L. Lansky
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300

*Attorneys for Defendants*


**SO ORDERED:**

DATED this _____ day of _____, 2006.  _____
                                              Hon. Sue L. Robinson,

                                              United States District Judge

# APPENDIX A

**VERITAS Software Corporation and Symantec Corporation Competitors:**
Bladelogic, Inc.
BMC Software, Inc.
Brocade Communications Systems, Inc.
Checkpoint Systems, Inc.
Cisco Systems, Inc.
CommVault Unified Data Management
Computers Associates International, Inc.
Electronic Data Systems Corporation
EMC Corporation
Hitachi Data Systems
Hewlett-Packard Development Company, L.P.
IBM Corporation
Internet Security Systems, Inc.
IronPort Systems, Inc.
Kaspersky Lab
McAfee, Inc.
Mercury Interactive Corporation
Microsoft Corporation
Network Appliance, Inc.
Novell, Inc.
Opsware, Inc.
Oracle Corporation
Quest Software, Inc.
Redhat, Inc.
Sun Microsystems, Inc.
Trend Micro, CA, Inc.
Webroot Software, Inc.
Zantaz, Inc.

## APPENDIX B

### CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____, 2006 in *In re VERITAS Securities Litigation,* Case No. 04-CV-831 (SLR). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for Delaware for the purpose of enforcing the Confidentiality Order.

DATED: _____