ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

November 22, 2006

**BY HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, Delaware 19801

Re: **In Re Veritas Software Corp. Securities Litigation
D. Del., Civil Action No. 04-831 (SLR)**

Dear Judge Robinson:

On October 25, 2006, the Court approved the parties' Stipulation & Order Regarding Class Certification. Paragraph 5 of that Order required counsel to confer concerning a proposed form of notice to the Class and a proposed schedule therefor. With this letter, I am submitting a proposed Order and Notice on which counsel have agreed. (A notice administrator has not yet been retained; that portion of the notice will be completed before it is sent.)

While they have been working on these papers and document discovery, counsel have also been working towards a mediation of which is scheduled for December 12-13, 2006. In light of that session, I ask, with the concurrence of defendants' counsel, that the Court defer entering this Order until after the mediation. We will, of course, advise the Court of the result of the mediation.

Counsel are available should Your Honor have any questions.

Respectfully,

*[signature]*

Norman M. Monhait (#1040)

NMM:mst
Enclosures
cc: Peter J. Walsh, Jr., Esquire                Jeffrey M. Norton, Esquire
    Barbara F. Wolf, Esquire                    David J. Goldsmith, Esquire
    Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

―――――――――――――――――――――――――――x
                                                              :
IN RE VERITAS SOFTWARE CORP.           :  Case No. 04-CV-831 (SLR)
SECURITIES LITIGATION                          :  Consolidated Action
                                                              :
―――――――――――――――――――――――――――x

**[PROPOSED] ORDER DIRECTING NOTICE
OF PENDENCY OF ACTION TO THE CLASS**

WHEREAS, this Court, on October 25, 2006, "so ordered" the Stipulation and Order Regarding Class Certification agreed-to among Lead Plaintiffs Tay Siew Choon and Mark Leonov and Defendants Veritas Software Corporation ("Veritas" or the "Company"), Gary Bloom, Edwin Gillis, and John Brigden;

WHEREAS, this Court, by such Order, certified this action to proceed as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3), with the Class defined as:

> All individuals and entities that purchased or otherwise acquired Veritas publicly traded securities, including, but not limited to, those individuals and entities that sold put options and bought call options, during the period between April 23, 2003 and July 6, 2004, inclusive (the "Class Period"). Excluded from the Class are the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company has a controlling interest or of which is a parent or subsidiary;

WHEREAS, Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure provides that the Court, for any Class certified under Rule 23(b)(3), must direct to the members of the Class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort;

WHEREAS, the parties have conferred regarding the language of a proposed Notice of Pendency of Class Action ("Notice"), and Plaintiffs have submitted the proposed Notice to the Court for its consideration; and

WHEREAS, the Court finds that the language of the Notice, and Plaintiffs' plan to mail the Notice to all Class members who can be identified through reasonable effort, satisfy Rule 23(c)(2)(B) and the requirements of due process;

IT IS ORDERED as follows:

1. No later than thirty (30) days from the date of this Order, Plaintiffs shall cause the Notice, substantially in the form submitted to the Court on November 22, 2006, to be sent by first class mail to all individual Class members who can be identified through reasonable effort;

2. Class members who desire to opt-out of the Class shall have forty-five (45) days from the date of the Notice within which to submit requests for exclusion from the Class, consistent with the procedures set forth in the Notice;

3. Banks, broker/dealers, or other nominees who purchased or acquired the publicly traded securities of Veritas for the benefit of another or in "street name" between April 23, 2003 and July 6, 2004 must (a) provide the Notice Administrator referenced in the Notice with lists of the names and last-known addresses or the beneficial owners for whom the Veritas securities were purchased within ten (10) days of their receipt of the Notice, or (b) request additional copies of the Notice within ten (10) days for mailing to such beneficial owners; and

4. Banks, broker/dealers or other nominees which elect to mail the Notice to beneficial owners must mail the Notice within ten (10) days of receipt of copies of the Notice from the Notice Administrator and, upon such mailing, must send a statement to the Notice Administrator confirming that the mailing was made as directed.

Dated: _____, 2006.

_____
HON. SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE

661242 v2
[11/21/2006 20:39]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | Case No: 04-CV-831 (SLR) Consolidated Action |

## NOTICE OF PENDENCY OF CLASS ACTION

TO: ALL INDIVIDUALS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED POSITIONS IN VERITAS SOFTWARE CORPORATION ("VERITAS") PUBLICLY TRADED SECURITIES, INCLUDING, BUT NOT LIMITED TO, THOSE INDIVIDUALS AND ENTITIES THAT SOLD PUT OPTIONS AND BOUGHT CALL OPTIONS, DURING THE PERIOD BETWEEN APRIL 23, 2003 AND JULY 6, 2004, INCLUSIVE.

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the District of Delaware (the "Court").

You are receiving this Notice because you may have purchased or acquired positions in Veritas securities between April 23, 2003 and July 6, 2004.

This action was commenced on July 7, 2004. The purpose of this Notice is to advise you that the Court has certified a class of all persons and entities who purchased or acquired positions in Veritas publicly traded securities, including, but not limited to, those individuals and entities that sold put options and bought call options (the "Class"), during the period between April 23, 2003 and July 6, 2004, inclusive (the "Class Period").

- THE COURT HAS CERTIFIED THE ABOVE-CAPTIONED LAWSUIT (THE "ACTION") AS A CLASS ACTION ON BEHALF OF THE CLASS DEFINED ABOVE.

- IF YOU MEET THE CLASS DEFINITION, YOU WILL BE A MEMBER OF THE CLASS UNLESS YOU ACT TO EXCLUDE YOURSELF PURSUANT TO THE INSTRUCTIONS IN SECTION III BELOW.

- IF YOU WISH TO REMAIN A MEMBER OF THE CLASS, YOU DO NOT NEED TO TAKE ANY ACTION IN RESPONSE TO THIS NOTICE.

- NO DETERMINATION HAS BEEN MADE ON THE MERITS OF THE CASE. ANY FINAL JUDGMENT WILL BIND ALL MEMBERS OF THE CLASS EXCEPT THOSE WHO ACT TO EXCLUDE THEMSELVES NOW.

I. **NATURE OF THE ACTION AND STATUS OF THE PROCEEDINGS**

This Action was brought against defendants Veritas and its officers Edwin J. Gillis, Gary L. Bloom and John Brigden for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

It is alleged that during the Class Period, Veritas made a series of material misrepresentations concerning Veritas's business and financial results, including improper recognition of revenue in violation of generally accepted accounting principles. In addition, it is alleged that defendants knowingly issued revenue forecasts which were false and misleading in order to artificially inflate the price of Veritas stock.

Commencing on or about July 7, 2004, three actions were filed by persons who purchased or acquired Veritas securities. By Order dated March 3, 2005, the Court consolidated those three actions and appointed Tay Siew Choon ("Tay") and Mark Leonov ("Leonov") to act as lead plaintiffs on behalf of themselves and a putative class as defined in the pleadings. The Court also appointed Wechsler Harwood LLP ("Wechsler Harwood"), Schatz Nobel Izard P.C. ("Schatz Nobel"), and Labaton Sucharow & Rudoff LLP ("Labaton Sucharow") as co-lead counsel for the lead plaintiffs and the class, and Rosenthal, Monhait & Goddess, P.A., as liaison counsel for lead plaintiffs and the class.

On May 27, 2005, plaintiffs filed an Amended Consolidated Class Action Complaint (the "Amended Complaint"). On July 20, 2005, defendants moved to dismiss the Amended Complaint. By Order dated May 23, 2006, the Court denied defendants' motion to dismiss. On June 7, 2006, defendants filed an Answer to the Amended Complaint in which they denied liability for the claims asserted by plaintiffs.

On September 5, 2006, plaintiffs filed a Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint"), that amended the Class definition but remained substantively similar to the Amended Complaint in all material respects. On September 22, 2006, defendants filed an Answer to the Second Amended Complaint, again denying liability for all claims asserted by plaintiffs.

By Order dated October 25, 2006, the Court entered an Order on a stipulation by and between the parties, conditionally certifying the Action as a class action on behalf of all individuals and entities that purchased or otherwise acquired positions in Veritas publicly traded securities, including, but not limited to, those individuals and entities that sold put options and bought call options, during the period between April 23, 2003 and July 6, 2004, inclusive. The Court's Order also appointed Mssrs. Tay and Leonov as class representatives and Wechsler Harwood, Schatz Nobel and Labaton Sucharow as class counsel.

The defendants deny all of the substantive allegations made against them, deny any wrongdoing or violation of law, and deny that they have any liability to the plaintiffs or other members of the Class. To date, the Court has not expressed any opinion about the accuracy of the plaintiffs' allegations or the likelihood that plaintiffs would prevail if the case were to proceed to trial. Any final judgment made by the Court will be binding on all members of the Class except those members who exclude themselves as provided in Section III below.

## II. CONSEQUENCES OF CLASS MEMBERSHIP AND CLASS MEMBERS' RIGHTS

If you are a member of the Class, there is nothing you are required to do in order to stay in the Class. Your interests in the Action will be represented by Messrs. Tay and Leonov and plaintiffs' counsel, Wechsler Harwood, Schatz Nobel, and Labaton Sucharow. You may also enter an appearance in the Action through an attorney of your choice, at your own expense.

As a member of the Class, you may be eligible to share in the benefits of any Court-approved settlement with the defendants or any judgment favorable to the Class that may be achieved. If you remain a member of the Class, you would also be bound by any judgment unfavorable to the Class. If plaintiffs achieve a recovery on behalf of the Class, they will ask the Court to approve payment of the litigation expenses and reasonable attorneys' fees, which would be deducted from any recovery. You will not be directly responsible for the payment of any costs, expenses, or attorneys' fees.

In order for you to benefit from any recoveries or settlements in the Action, should there be any, you may be required at a future date to substantiate your membership in the Class, as well as the amount of your claim. **Therefore, you should keep all records relating to any purchases and sales (and/or acquisitions or dispositions) of positions in Veritas common stock, options or other securities.**

## III. HOW TO EXCLUDE YOURSELF FROM THE CLASS

Under the law, you have the right to exclude yourself from the Class certified by the Court. You may exclude yourself from the Class if you wish to pursue a separate lawsuit against the defendants, or for any other reason or no reason at all. **If you exclude yourself from the Class, you will not be entitled to participate in any recovery by the Class**, and you will not be bound by any settlement or favorable or unfavorable judgment in the Action.

*If you desire to be excluded from the Class, you must send a letter or postcard, addressed to the Notice Administrator at:*

*In re Veritas Software Corp. Securities Litigation*
*c/o [NOTICE ADMINISTRATOR]*
*[address]*

**Your letter or postcard to the Notice Administrator must set forth your name, address and the number of Veritas securities and/or positions therein you acquired during the Class Period, and state your desire to be excluded from the Class. Your request for exclusion must be postmarked no later than _____, 2007.**

All Class Members are also requested to send **written** notification of any change of address to the Notice Administrator, by mail to: In re Veritas Software Corp. Securities Litigation, c/o [NOTICE ADMINISTRATOR][address]; or by fax to: In re Veritas Software Corp. Securities Litigation, [fax no.]

IV. **HOW TO OBTAIN MORE INFORMATION**

The foregoing information is not all-inclusive. You may obtain additional information by visiting the Office of the Clerk of the Court, United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, during regular court hours, to inspect the pleadings and other papers maintained there.

Inquiries regarding this Action, other than requests for exclusion, can also be addressed, in writing, to any one of plaintiffs' counsel at:

| Jeffrey M. Norton | Barbara F. Wolf | David J. Goldsmith |
|---|---|---|
| Wechsler Harwood LLP | Schatz Nobel Izard P.C. | Labaton Sucharow |
| 488 Madison Avenue | One Corporate Center | & Rudoff LLP |
| New York, NY 10022 | 20 Church St., Ste 1700 | 100 Park Avenue |
|  | Hartford, CT 06103 | New York, NY 10017 |

V. **NOTICE TO BANKS, BROKERS AND OTHER NOMINEES**

If you, as nominee, acquired positions in Veritas securities on behalf of any Class member, you are directed to immediately contact [NOTICE ADMINISTRATOR] within ten (10) days of your receipt of this Notice to either (A) provide [NOTICE ADMINISTRATOR] with the name and last-known address of such person or organization, **preferably on computer-generated mailing labels or, electronically, in MS Word or WordPerfect files (label size Avery # 5162), or in an MS Excel data table setting forth (1) title/registration, (2) street address, (3) city/state/zip**; or (B) send copies of the Notice to all beneficial owners by first-class mail and provide [NOTICE ADMINISTRATOR] with written confirmation of having done so. Reasonable out-of-pocket expenses will be reimbursed. Additional copies of the Notice may be requested by contacting the Notice Administrator at:

In re Veritas Software Corp. Securities Litigation
c/o [NOTICE ADMINISTRATOR]
[address]

**PLEASE DO NOT CALL OR WRITE TO THE CLERK OF THE COURT.**

Dated: _____, 2006

BY ORDER OF THE COURT
HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE