IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) Case No: 04-CV-831 (SLR) Consolidated Action **JURY TRIAL DEMANDED** |

### DECLARATION OF JOHN BRIGDEN, ESQ. IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>MOTION FOR SUMMARY JUDGMENT</u>

OF COUNSEL:

Nina F. Locker
Peri Nielsen
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

Dated: September 19, 2007
819838 / 29298

Peter J. Walsh, Jr. (#2437)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
pwalsh@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants VERITAS Software Corporation, Edwin J. Gillis and Gary L. Bloom*

I, John Brigden, Esq., declare as follows:

1. I am currently employed at Symantec Corporation as Senior Vice President, Europe, Middle East and Africa Geography. I make this affidavit based on personal knowledge and, if called and sworn as a witness, could and would testify competently thereto.

2. From May 2001 until July 2005, I was employed as General Counsel of VERITAS Software Corporation ("VERITAS" or the "Company").

3. As General Counsel, I oversaw the legal department at VERITAS. The legal department was responsible for, among other things, negotiating the legal terms and conditions, reviewing and signing certain sales contracts. The finance department was responsible for reviewing all sales contracts. Other parts of the organization, such as technical support, engineering, and order services, were often involved in reviewing sales contracts before execution, depending on the terms or conditions under negotiation.

4. It was the legal department's practice to sign all sales contracts on behalf of the Company. I, along with other attorneys in the legal department, would sign. The only criteria for the legal department's signing would be either that the contract contained standard terms or conditions or, if not, that the contract had the required cross-departmental approvals. While some sales contracts contained pricing terms, it was more common for sales contracts to contain the general terms and conditions of the customer relationship and for follow-on purchase orders to contain pricing terms. Purchase orders did not require the legal department's signature and were not processed by the legal department.

5. The Company preferred that a customer sign a sales contract first. At times, however, the customers preferred the Company to sign first. Consequently, I, or another attorney in the legal department, might have signed sales contracts before the contract would be routed to a customer for final signature. Once fully executed, copies of each contract would be distributed

throughout the relevant organizations within the Company, including order services, finance and records.

6. The legal department was not responsible for determining whether or when revenue would be recognized from a contract. The finance department was responsible for determining whether and when revenue would be recognized from a contract. I did not know what revenue, if any, would be recognized on contracts I signed during a given quarter. I am also unaware of any instance in which revenue was recognized from an unsigned contract (where a signature was required) or a contract lacking an essential term.

7. The Company employed Carla L. Kidd as an administrative assistant in the legal department from March 2000 until December 3, 2002. Attached as Exhibit A is a true and correct copy of the file showing Ms. Kidd's termination date. Ms. Kidd's job was clerical in nature. She had no role in the contract review and approval process, no interaction with the finance department, and no insight into whether or what revenue was recognized from which contract at any given time. I deny having had, in form or substance, the communication alleged in paragraph 41(b) of the Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 19th day of September, 2007 in Reading, UK.

/s/ John Brigden
John Brigden

-2-
**DECLARATION OF JOHN BRIGDEN IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on September 19, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 19, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Norman Monhait<br>Carmella P. Keener<br>Rosenthal, Monhait & Goddess<br>Mellon Bank Center, Suite 1401<br>Wilmington, DE 19899-1070<br>nmonhait@rmgglaw.com<br>ckeener@rmgglaw.com | Christopher J. Keller<br>Ira A. Schochet<br>David J. Goldsmith<br>Labaton Rudoff & Sucharow LLP<br>100 Park Avenue<br>New York, NY 10017<br>ckeller@labaton.com<br>ischochet@labaton.com<br>dgoldsmith@labaton.com |
| Robert I. Harwood<br>Jeffrey M. Norton<br>Harwood Feffer LLP<br>488 Madison Avenue<br>New York, NY 10022<br>rharwood@hfesq.com<br>jnorton@hfesq.com | Andrew M. Schatz<br>Barbara F. Wolf<br>Schatz Nobel Izard P.C.<br>One Corporate Center<br>20 Church St., Ste 1700<br>Hartford, CT 06103<br>aschatz@snlaw.net<br>bwolf@snlaw.net |

By: /s/ Kenneth L. Dorsney
Peter J. Walsh, Jr. (#2437)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
pwalsh@potteranderson.com
kdorsney@potteranderson.com

735071 / 28298