# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | Civil Action No. 04-CV-831 (SLR) Consolidated Action |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

Lead Plaintiffs Mark Leonov and Tay Siew Choon, on behalf of the certified Class (collectively, "Plaintiffs"), hereby respond and object to Defendants' Second Set of Interrogatories to Plaintiffs (the "Interrogatories"), served on August 10, 2007, as follows:

**GENERAL OBJECTIONS**

Plaintiffs make the following general objections, applicable to each and every one of the Interrogatories:

1. Plaintiffs object to the Interrogatories to the extent they purport to impose obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

2. Plaintiffs object to the Interrogatories on the ground that they are premature. Plaintiffs reserve the right to revise, correct, supplement or clarify any of the responses to the Interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3. Plaintiffs object to the Interrogatories to the extent they seek or require the disclosure of information or documents that are protected from discovery by the attorney-client

1

privilege, the attorney work product doctrine, or any other applicable privilege or immunity provided by law.

4. Plaintiffs object to the Interrogatories to the extent that Defendants may as readily as Plaintiffs ascertain the information sought from the documents previously provided informally by Defendants.

5. Plaintiffs object to the Interrogatories to the extent that they are vague and ambiguous, overly broad, or unduly burdensome for Plaintiffs to answer.

6. Plaintiffs' responses to the Interrogatories are made without waiving or intending to waive, but rather intending to preserve and preserving:

    a. All objections as to the competency, relevancy, materiality and admissibility of any Interrogatory, response or the subject matter thereof;

    b. All rights to object on any ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

    c. Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Delaware and/or other statutes or the common law.

    d. All rights of Plaintiffs to supplement, amend, or modify the responses and objections set forth herein.

Without waiving, subject to and consistent with the foregoing General Objections, Plaintiffs hereby respond to the Interrogatories as follows:

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

### INTERROGATORY #6

Identify each and every person, including confidential witnesses, and each and every document on which you relied in drafting the allegations contained in the Complaint.

### RESPONSE AND OBJECTIONS TO INTERROGATORY #6

Plaintiffs object to this Interrogatory on the grounds that this Interrogatory violates the attorney-client privilege and work product doctrine, and is vague and ambiguous, overly broad, and unduly burdensome for Plaintiffs to answer.

### INTERROGATORY #7

Identify and describe each and every communication you had with each of the persons identified in response to Interrogatory No. 6.

### RESPONSE AND OBJECTIONS TO INTERROGATORY #7

Plaintiffs object to this Interrogatory on the grounds that this Interrogatory violates the attorney-client privilege and attorney work product doctrine, and is vague and ambiguous, overly broad, and unduly burdensome for Plaintiffs to answer.

### INTERROGATORY #8

Identify each and every statement or omission you contend was false or misleading and describe the factual basis for your contention.

### RESPONSE AND OBJECTIONS TO INTERROGATORY #8

Plaintiffs object to this Interrogatory on the grounds that it is premature insofar as formal discovery has yet to begin, and that this Interrogatory is an improper contention interrogatory served prior to the completion of discovery and is unduly burdensome for Plaintiffs to answer.

Plaintiffs reserve the right to revise and supplement this response after formal discovery begins and is complete.

### INTERROGATORY #9

For each statement identified in response to Interrogatory No. 8, identify the speaker and describe the factual basis for your contention that he or she knew, or was reckless in knot knowing, of the alleged falsity of the statement.

### RESPONSE AND OBJECTIONS TO INTERROGATORY #9

Plaintiffs object to this Interrogatory on the grounds that it is premature insofar as formal discovery has yet to begin, and that this Interrogatory is an improper contention interrogatory served prior to the completion of discovery and is unduly burdensome for Plaintiffs to answer. Plaintiffs reserve the right to revise and supplement this response after formal discovery begins and is complete.

### INTERROGATORY #10

Identify each public disclosure that you contend proximately caused your losses and describe the factual basis for your contention.

### RESPONSE AND OBJECTIONS TO INTERROGATORY #10

Plaintiffs object to this Interrogatory on the grounds that it calls for information relating to the analysis and opinions of Plaintiffs' testifying expert on damages issues prior to the time set for Rule 26(a)(2) expert disclosures and reports pursuant to the Scheduling Order entered by the Court on July 10, 2006, as amended on February 14, 2007, fact discovery is not yet complete, and this interrogatory is properly the subject of expert rather than fact discovery. Plaintiffs reserve the right to revise and supplement this response after formal discovery begins and is complete.

4

**INTERROGATORY #11**

State the total dollar amount of damages you are seeking and describe how such dollar amount was computed.

**RESPONSE AND OBJECTIONS TO INTERROGATORY #11**

Plaintiffs object to this Interrogatory on the grounds that it calls for information relating to the analysis and opinions of Plaintiffs' testifying expert on damages issues prior to the time set for Rule 26(a)(2) expert disclosures and reports pursuant to the Scheduling Order entered by the Court on July 10, 2006, as amended on February 14, 2007, fact discovery is not yet complete, and this interrogatory is properly the subject of expert rather than fact discovery. Plaintiffs reserve the right to revise and supplement this response after formal discovery begins and is complete.

Dated: September 10, 2007

ROSENTHAL MONHAIT & GODDESS, P.A.

By: _____
Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
Delaware Liaison Counsel for Plaintiffs

OF COUNSEL:

SCHATZ NOBEL IZARD P.C.
Andrew M. Schatz
Seth R. Klein
20 Church Street, Suite 1700
Hartford, Connecticut 06103
(860) 493-6292

5

Robert I. Harwood
Jeffrey M. Norton
HARWOOD FEFFER LLP
488 Madison Avenue
New York, New York 10022
(212) 935-7400

Ira A. Schochet
David J. Goldsmith
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
(212) 907-0700

Co-Lead Counsel for
Lead Plaintiffs and the Class