IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | ) ) Case No: 04-CV-831 (SLR) ) Consolidated Action ) ) **JURY TRIAL DEMANDED** ) |

DECLARATION OF EDWIN GILLIS IN SUPPORT OF DEFENDANTS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>

OF COUNSEL:

Nina F. Locker
Peri Nielsen
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

Dated: September 19, 2007
819828 / 29298

Peter J. Walsh, Jr. (#2437)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
pwalsh@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants VERITAS Software
Corporation, Edwin J. Gillis and Gary L. Bloom*

I, Edwin Gillis, declare as follows:

1. I was the Chief Financial Officer at VERITAS Software Corporation (the "Company") from November 2002 to December 31, 2005. I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2. As the Chief Financial Officer for the Company, I oversaw the finance department. The finance department was responsible for reviewing all sales orders for validity. This review included related documentation, such as purchase orders, correspondence, shipping materials, license keys and other materials. The finance department was responsible for determining whether an order satisfied the criteria for revenue recognition and, if so, when and how much revenue would be recognized from a contract.

3. The process provided that, if a sales contract required a customer's signature but did not have one, the shipment would be placed on automatic hold. I am not aware of any instance in which the process was not followed. In particular, I am not aware of any instance where the Company recognized revenue on a contract that was unsigned (but required a signature) or lacked an essential term.

4. KPMG, the Company's external auditor, reviewed all contracts over $250,000 and tested a sample of contracts under $250,000 as part of its annual audit and quarterly review procedures. I do not recall KPMG's ever having brought to my attention any instance where the Company recognized revenue on a contract that was unsigned (but required a signature) or lacked an essential term.

5. I have read the allegations contained in paragraph 41(c) of the Complaint that "sales personnel would 'all the time' write up and process contracts without essential terms and customer signatures, in order to meet revenue targets and 'bolster the numbers.'" Employees in the Company's sales department did not process orders for revenue recognition purposes. They

**DECLARATION OF EDWIN GILLIS IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

had no role in the contract review and approval process and would have had no insight into whether or what revenue was recognized from which order at any given time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of September, 2007, in Hingham, Massachusetts.

 

<u>/s/ Edwin Gillis</u><br>
Edwin Gillis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on September 19, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 19, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Norman Monhait<br>Carmella P. Keener<br>Rosenthal, Monhait & Goddess<br>Mellon Bank Center, Suite 1401<br>Wilmington, DE 19899-1070<br>nmonhait@rmgglaw.com<br>ckeener@rmgglaw.com | Christopher J. Keller<br>Ira A. Schochet<br>David J. Goldsmith<br>Labaton Rudoff & Sucharow LLP<br>100 Park Avenue<br>New York, NY 10017<br>ckeller@labaton.com<br>ischochet@labaton.com<br>dgoldsmith@labaton.com |
| Robert I. Harwood<br>Jeffrey M. Norton<br>Harwood Feffer LLP<br>488 Madison Avenue<br>New York, NY 10022<br>rharwood@hfesq.com<br>jnorton@hfesq.com | Andrew M. Schatz<br>Barbara F. Wolf<br>Schatz Nobel Izard P.C.<br>One Corporate Center<br>20 Church St., Ste 1700<br>Hartford, CT 06103<br>aschatz@snlaw.net<br>bwolf@snlaw.net |

By: _/s/ Kenneth L. Dorsney_
Peter J. Walsh, Jr. (#2437)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
pwalsh@potteranderson.com
kdorsney@potteranderson.com

735071 / 28298