# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | Case No. 04-CV-831 (SLR) Consolidated Action |
| THIS DOCUMENT RELATES TO: All Actions | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of April 8, 2008 (the "Stipulation"), is made and entered into by and among Lead Plaintiffs ("Lead Plaintiffs"), on behalf of themselves and each of the Class Members, and Defendants VERITAS Software Corporation ("VERITAS") and Edwin J. Gillis and Gary L. Bloom (the "Individual Defendants"), by and through their respective counsel of record.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof, and the approval of the Court.

## I.    THE LITIGATION

On July 7, 2004, and thereafter, the following actions were filed in the United States District Court, District of Delaware as securities class actions on behalf of purchasers of VERITAS Software Corporation ("VERITAS") common stock during a defined period of time:

| | Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|---|
| A. | *Kuck v. VERITAS Software Corporation, et al.* | 04-CV-00831-SLR | 7/07/04 |
| B. | *Bennett v. VERITAS Software Corporation, et al.* | 04-cv-00867-SLR | 07/15/04 |
| C. | *Choon v. VERITAS Software Corporation, et al.* | 04-CV-00872-SLR | 07/16/04 |

These actions were consolidated for all purposes by an order of the Court entered on March 3, 2005.  The consolidated actions are referred to herein collectively as the "Litigation."

Also on March 3, 2005, the Court appointed Tay Siew Choon and Mark Leonov as Lead Plaintiffs pursuant to §21(D)(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 and approved the selection of Rosenthal, Monhait, and Goddess, P.A., formerly known as Rosenthal, Monhait, Gross and Goddess, P.A.,

as local counsel for Lead Plaintiffs and Labaton Sucharow LLP, Schatz, Nobel, Izard, P.C., and
Harwood Feffer LLP as Co-Lead Counsel for Lead Plaintiffs.

On May 27, 2005, Lead Plaintiffs filed a Consolidated Amended Class Action
Complaint, which added John Brigden as a defendant and extended the Class Period (April 23,
2003 through July 6, 2004).  Defendants moved to dismiss that complaint on July 20, 2005.  On
May 23, 2006, the Court denied the motion to dismiss.  Defendants then filed an answer on June
7, 2006.

The operative complaint in this Litigation is the Second Amended Class Action
Complaint (the "Complaint"), filed September 5, 2006, which revised the definition of the Class
to purchasers of VERITAS "securities" during the Class Period.  The Complaint alleges
violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5
promulgated thereunder on behalf of a class of purchasers of VERITAS securities during the
Class Period.  On October 25, 2006, this Court entered an order certifying the Class.

On August 31, 2007, defendant John Brigden was voluntarily dismissed from this case
without prejudice.  On September 19, 2007, the remaining Defendants filed a motion for
summary judgment.

Between October 2006 and November 2007, the parties exchanged discovery with the
goal of conducting a mediation, which occurred on several dates, the last of which was
November 12, 2007.  At the mediation session on November 12, 2007, the parties entered into an
agreement in principle to settle this case, subject to confirmatory discovery.  Confirmatory
discovery was completed by Co-Lead Counsel on March 26, 2008.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions
alleged by Lead Plaintiffs in the Litigation.  Defendants expressly have denied and continue to
deny all charges of wrongdoing or liability against them arising out of any of the conduct,
statements, acts or omissions alleged, or that could have been alleged, in the Litigation.
Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiffs

or the Class have suffered damage, that the price of VERITAS securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation. Lead Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation of the foregoing, Lead Plaintiffs and Co-Lead Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Lead Plaintiffs (for themselves and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the litigation, the Released Claims as defined below in ¶ 1.18, and all matters encompassed within the scope of the releases set forth or

referenced herein, shall be finally and fully compromised, settled and released, and the litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

1. **Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2.    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3.    "Claims Administrator" means Berdon Claims Administration, LLC.

1.4.    "Class" means, the class certified pursuant to Rule 23 of the Federal Rules of Civil Procedure by the Court's Order dated October 23, 2006, comprising of all Persons who purchased or acquired VERITAS securities during the period between April 23, 2003 and July 6, 2004, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of VERITAS during the Class Period, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action mailed to the class members within fourteen (14) days of entry of the Notice Order ("Notice of Pendency").

1.5.    "Class Member" or "Member of the Class" mean any Person who falls within the definition of the Class as set forth in ¶1.4 of the Stipulation who did not timely submit a proper request for exclusion in accordance with the requirements set forth in the Notice of Pendency.

1.6.    "Class Period" means the period between April 23, 2003 and July 6, 2004, inclusive.

**1.7.**    "Defendants" means VERITAS and the Individual Defendants.

**1.8.**    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

**1.9.**    "Escrow Agent" means Berdon Claims Administration LLC or its successor(s).

**1.10.**    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit A hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

**1.11.**    "Individual Defendants" means Edwin J. Gillis and Gary L. Bloom.

**1.12.**    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit A.

**1.13.**    "Co-Lead Counsel" means collectively the law firms of Harwood Feffer LLP, Labaton Sucharow LLP, and Schatz, Nobel, Izard P.C.

**1.14.**    "Lead Plaintiffs" means Tay Siew Choon and Mark Leonov.

**1.15.** "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

**1.16.** "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility therefor or liability with respect thereto.

**1.17.** "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

**1.18.** "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.22 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Class Member against Defendants or their Related Parties in connection with, arising out of, related to, based upon, in whole or in part,

directly or indirectly, any action or omission or failure to act which was alleged or could have been alleged in the Litigation. Released Claims do not include any claims brought against fiduciaries who managed accounts established under the Employees Retirement Income Security Act ("ERISA") or any claims brought against persons who advised Plaintiffs' in connection with investments in VERITAS' securities.

1.19.   "Released Persons" means each and all of Defendants and their current and former agents, employees, officers, directors, partners, members, representatives, heirs, attorneys, advisors, subsidiaries, parents, affiliates, predecessors, successors and assigns.

1.20.   "Settlement Fund" means the principal amount of $21.5 million in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon pursuant to ¶¶2.1, 2.2 and 2.6.

1.21.   "Settling Parties" means, collectively, each of Defendants and Lead Plaintiffs on behalf of themselves and Class Members.

1.22.   "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or they now know or believe to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**1.23.** "VERITAS" means VERITAS Software Corporation and its successor in interest Symantec Corporation and any Related Parties of VERITAS or Symantec.

## 2. The Settlement

**The Settlement Fund**

**2.1.** The principal amount of $21.5 million in cash shall be transferred by or on behalf of Defendants to the Escrow Agent on or before May 1, 2008, provided that the Court has granted preliminary approval of the settlement by that date. If the Court has not granted preliminary approval of the settlement by May 1, 2008 the $21.5 million shall be transferred to the Escrow Agent within one week of the Court's granting of preliminary approval of the settlement. If the agreed upon sum is not timely transferred to the

Escrow Agent, the untransferred portion shall bear interest at 10% per annum from the date due until such amount is transferred to the Escrow Agent. Upon execution of the Stipulation, Co-Lead Counsel shall provide to VERITAS' counsel wire transfer instructions for the transfer of the Settlement Fund to the Escrow Agent.

**The Escrow Agent**

2.2.    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

2.3.    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4.    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

2.5.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6.    Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $250,000.00 from the Settlement Fund in it. The Class Notice and Administration Fund may be used by Co-Lead Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants,

processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation. In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Escrow Agent or its actions or the Class Notice and Administration Fund. Notwithstanding the foregoing, in the event of Termination pursuant to ¶2.8, the Escrow Agent shall refund to Defendants any amounts deposited in the Class Notice and Administration Fund that have not been expended.

**2.7.  Taxes**

    **2.7.1.** Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

    **2.7.2.** For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7.1 hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest

or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7.3 hereof.

**2.7.3.**   All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify and hold each of Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other,

and their tax attorneys and accountants to the extent reasonably necessary to carry
out the provisions of this ¶2.7.

**2.7.4.** For the purpose of this ¶2.7, references to the Settlement Fund shall include both
the Settlement Fund and the Class Notice and Administration Fund and shall also
include any earnings thereon.

**Termination of Settlement**

**2.8.** In the event that the Stipulation is not approved, or is terminated or canceled, or fails
to become effective for any reason, the Settlement Fund (including accrued interest) less
expenses actually incurred or due and owing in connection with the settlement provided
for herein shall be refunded pro rata to the entities contributing to the Settlement Fund,
as provided in ¶7.3 below.

**3. Notice Order and Settlement Hearing**

**3.1.** Promptly after execution of the Stipulation, the Settling Parties shall submit the
Stipulation together with its Exhibits to the Court and shall jointly apply for entry of an
order (the "Notice Order"), substantially in the form of Exhibit B hereto, requesting,
*inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and
approval for mailing the Notice substantially in the form of Exhibit C hereto and
publication of a summary notice substantially in the form of Exhibit D hereto. The
Notice shall include the general terms of the settlement set forth in the Stipulation, the
proposed Plan of Allocation, the general terms of the Fee and Expense Application and
the date of the Settlement Hearing.

**3.2.** Co-Lead Counsel shall request that after notice is given, the Court hold a hearing (the
"Settlement Hearing") and approve the settlement of the Litigation as set forth herein.
At or after the Settlement Hearing, Co-Lead Counsel also will request that the Court
approve the proposed Plan of Allocation and the Fee and Expense Application.

4. **Releases**

    **4.1.**    Upon the Effective Date, as defined in ¶1.8 hereof, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

    **4.2.**    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit E hereto.

    **4.3.**    Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Co-Lead Counsel from all claims (including unknown claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

5. **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

    **5.1.**    The Claims Administrator shall administer and calculate the claims submitted by Class Members.

    **5.2.**    The Settlement Fund shall be applied as follows:

        **5.2.1.**    to pay Co-Lead Counsel's attorneys' fees, costs and expenses with interest thereon (the "Fee and Expense Award") pursuant to the Fee and Expense Application, if and to the extent allowed by the Court;

        **5.2.2.**    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to

Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

**5.2.3.**  to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

**5.2.4.**  to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

**5.3.**  Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

**5.4.**  Within one hundred and twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit E hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

**5.5.**  Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

**5.6.**  The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by

reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to a non-profit organization designated by Co-Lead Counsel without any further order by the Court.

5.7.    This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers. Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8.    No Person shall have any claim against Co-Lead Counsel, the Claims Administrator or other entity designated by Co-Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9.    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

6. **Co-Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

   **6.1.** Co-Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of costs and expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Co-Lead Counsel reserves the right to make additional applications for fees and expenses incurred. Defendants agree not to oppose any applications made by Co-Lead Counsel. Unless otherwise ordered by the Court, the Fee and Expense Award, if any, shall be allocated by Co-Lead Counsel.

   **6.2.** The Fee and Expense Award shall be paid to Co-Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding the Fee and Expense Award. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Co-Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the cash portion of the Settlement Fund in an amount consistent with such reversal or modification.

   **6.3.** The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application to be paid out of the Settlement Fund is not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense

Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

**6.4.** Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Co-Lead Counsel over and above payment from the Settlement Fund.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**7.1.** The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

**7.1.1.** Defendants or their insurers have timely made their contributions to the Settlement Fund as required by ¶2.1 hereof;

**7.1.2.** Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

**7.1.3.** the Court has entered the Notice Order, as required by ¶3.1 hereof;

**7.1.4.** the Court has entered the Judgment, or a judgment substantially in the form of Exhibit A hereto; and

**7.1.5.** the Judgment has become Final, as defined in ¶1.10 hereof.

**7.2.** Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Co-Lead Counsel and counsel for Defendants and their insurers mutually agree in writing to proceed with the Stipulation.

**7.3.** Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within forty-five (45) calendar days after the occurrence of such event and in accordance with the terms of ¶2.8 hereof,

the Settlement Fund (including accrued interest), plus any amount then remaining in the

Class Notice and Administration Fund (including accrued interest), less expenses and

any costs which have either been disbursed pursuant to ¶2.6 hereof or are determined to

be chargeable to the Class Notice and Administration Fund, shall be refunded by the

Escrow Agent to the respective entities that contributed to the Settlement Fund, pursuant

to written instructions from VERITAS or Symantec or any successor in interest.  At the

request of counsel to VERITAS, the Escrow Agent or its designee shall apply for any tax

refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or

expenses incurred in connection with such application(s) for refund, pursuant to written

direction from VERITAS or its successor-in-interest.

7.4.    In the event that the Stipulation is not approved by the Court or the settlement set

forth in the Stipulation is terminated or fails to become effective in accordance with its

terms, the Settling Parties shall be restored to their respective positions in the Litigation

as of March 15, 2008.  In such event, the terms and provisions of the Stipulation, with

the exception of ¶¶2.7, 2.8, 7.3-7.5 hereof, shall have no further force and effect with

respect to the Settling Parties and shall not be used in this Litigation or in any other

proceeding for any purpose, and any judgment or order entered by the Court in

accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

No order of the Court or modification or reversal on appeal of any order of the Court

concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses

and interest awarded by the Court to Co-Lead Counsel shall constitute grounds for

cancellation or termination of the Stipulation.

7.5.    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

terms, neither Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay

any amounts actually and properly disbursed from the Class Notice and Administration

Fund.  In addition, any expenses already incurred and properly chargeable to the Class

Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination

or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

**7.6.**    If prior to the Settlement Hearing, the aggregate number of shares of VERITAS securities purchased by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceeds the sum specified in a separate "Supplemental Agreement" between the Settling Parties, and persons representing such amount shall continue to request exclusion as of the date of the actual commencement of the Settlement Hearing, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

**7.7.**    If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

**7.8.**    Each of Defendants warrants and represents that he or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time any payments are transferred or made as required by this Stipulation

## 8.  Miscellaneous Provisions

**8.1.**    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their

reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

**8.2.**    Within fourteen (14) days of execution of this Stipulation, Defendants shall authorize its present and past transfer agents to provide Co-Lead Counsel with a list, and contact information to the extent it is available, of holders of Veritas securities during the Class Period. Defendants shall use their reasonable efforts to facilitate Co-Lead Counsel's communications with the transfer agents.

**8.3.**    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. While retaining their right to deny liability, Defendants agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

**8.4.**    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other

tribunal.  Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**8.5.**    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

**8.6.**    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

**8.7.**    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

**8.8.**    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

**8.9.**    Co-Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

**8.10.**    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

**8.11.**    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

**8.12.**   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

**8.13.**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

**8.14.**   The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice-of-law principles.


**IN WITNESS WHEREOF**, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of April 8, 2008.


**HARWOOD FEFFER LLP**
Robert I. Harwood
Jeffrey M. Norton
488 Madison Avenue
New York, NY 10022
(212) 935-7400

**LABATON SUCHAROW LLP**
Ira A. Schochet
David J. Goldsmith
140 Broadway
New York, NY 10005
(212) 907-0700

**SCHATZ NOBEL IZARD P.C.**
Andrew M. Schatz
Seth R. Klein
20 Church Street, Suite 1700
Hartford, CT 06103
(860) 493-6292

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

By: _____
     Norman M. Monhait (#1040)
     919 Market Street, Suite 1401
     Citizens Bank Center
     P.O. Box 1070
     Wilmington, DE 19899-1070
     (302) 656-4433
     Email: nmonhait@rmgglaw.com

*Liaison Counsel for Lead Plaintiffs and the Class*

| | |
|---|---|
| OF COUNSEL:<br><br>Nina F. Locker<br>Peri Nielsen<br>Wilson Sonsini Goodrich & Rosati, PC<br>650 Page Mill Road<br>Palo Alto, California 94304-1050<br>(650) 493-9300 | **POTTER ANDERSON & CORROON LLP**<br><br>By: _____<br>Peter J. Walsh, Jr. (#2437)<br>Hercules Plaza, Sixth Floor<br>1313 North Market Street<br>Wilmington, Delaware 19801<br>(302) 984-6000<br>Email:  pwalsh@potteranderson.com |
| | *Attorneys* for *Defendants VERITAS Software Corporation, Edwin J. Gillis and Gary L. Bloom* |