# EXHIBIT A

## Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
IN RE VERITAS SOFTWARE CORPORATION       :   Case No. 04-CV-831 (SLR)
SECURITIES LITIGATION                                   :   Consolidated Action
---------------------------------------------------------------x

### *FINAL ORDER AND JUDGMENT*

WHEREAS, a certified class action is pending before the Court entitled *In re Veritas Software Corporation Securities Litigation*, Case No. 04-CV-831 (SLR) (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 8, 2008 (the "Stipulation"), which has been entered into by counsel on behalf of Lead Plaintiffs and Defendants (as those terms are defined in the Stipulation), and the Court has reviewed the Stipulation and its attached exhibits;

WHEREAS, pursuant to the Preliminary Approval Order entered _____ (the "Notice Order"), the Court scheduled a hearing for _____, at _____ .m. (the "Settlement Hearing") to (a) determine whether the proposed settlement ("Settlement") of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment as provided in paragraph 7 of the Stipulation should be entered herein.  The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), in the forms attached in the Stipulation as Exhibits C and E to the Notice Order, be mailed by first-class mail, postage prepaid, on or before _____ to all Class Members at the address of each such Person as set forth in the records of Veritas Software Corporation ("Veritas") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice in the form

attached to the Notice Order as Exhibit D, be published in the national edition of <u>The Investors Business Daily</u>, and on PR Newswire and Bloomberg News Service.

WHEREAS, as attested by the affidavit of _____, filed with this Court on _____, the provisions of the Notice Order as to the notice procedure were complied with.

WHEREAS, on _____, Lead Plaintiffs moved for final approval of the Settlement as set forth in the Notice Order. The Settlement Hearing was duly held before this Court on _____, at which time all interested Persons were afforded the opportunity to be heard.

The Court, having considered the Settlement Stipulation, all papers filed and proceedings had herein and all comments received regarding the proposed settlement, and having reviewed the entire record in the Litigation and good cause appearing,

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. The proposed Settlement of the Litigation on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, is in the best interests of the Class and should be approved.

4. The notification provided for and given to the Class was in compliance with the Notice Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7).

5. The Stipulation and the Settlement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

6. The Court further finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

7. Upon the Effective Date, each Class Member (other than those listed on Exhibit __ hereto) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

8. Each Class Member whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit ___ hereto, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

9. This Judgment and the Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by any of the Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

10. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of a Settlement Fund, shall remain under the authority of this Court.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. Any order or proceeding relating to the Plan of Allocation or the Fee and Expense Application or the Lead Plaintiff Expense Application shall not operate to affect the finality of the Court's Judgment approving the Settlement.

13. Without affecting the finality of this Judgment, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Stipulation and Settlement.

Dated: _____                      _____
                                            United States District Judge