# EXHIBIT E

Exhibit E

| Must be Received No Later Than | In Re Veritas Software Corporation Securities Litigation<br>c/o Berdon Claims Administration LLC<br>P.O. Box 9014<br>Jericho, NY 11753<br>(800)766-3330<br>www.berdonclaims.com | S2P |
|---|---|---|
| _____ | | |

## PROOF OF CLAIM AND RELEASE

YOU MUST COMPLETE THIS CLAIM FORM BY _____ TO BE ELIGIBLE TO SHARE IN THE $21.5 MILLION SETTLEMENT.

**TABLE OF CONTENTS**                                                                                    **PAGE #**

SECTION A – GENERAL INSTRUCTIONS..................................................................................2

SECTION B – CLAIMANT INFORMATION ................................................................................4

SECTION C – COMMON STOCK TRANSACTIONS...................................................................6

SECTION D – RELEASE AND SIGNATURE.................................................................................7

REMINDER CHECKLIST..................................................................................................................9

### SECTION A – GENERAL INFORMATION

1.   IN ORDER TO PARTICIPATE IN THE PROCEEDS FROM THE SETTLEMENT OF *IN RE VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION*, CASE NO. 04-CV-831 (SLR) (THE "LITIGATION"), YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, BY FIRST-CLASS MAIL, POSTMARKED ON OR BEFORE _____, ADDRESSED TO:

In Re Veritas Software Corporation Securities Litigation, Case No. 04-CV-831 (SLR)
Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753

2.   This Proof of Claim and Release form is directed to investors in the securities of Veritas Software Corporation ("Veritas") during the period between April 23, 2003 and July 6, 2004, inclusive (the "Class Parties"). A class of all persons or entities that purchased or otherwise acquired Veritas common stock, call options, debt securities, or sold Veritas put options, during the period between April 23, 2003 and July 6, 2004, inclusive, and were damaged thereby, was certified on October 25, 2006. Excluded from the Class are: Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of VERITAS during the Class Period, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are any persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Litigation ("Notice").

3.   Definitions: All other capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice and the Stipulation of Settlement ("Stipulation").

4.   By signing and submitting this Proof of Claim and Release form, you will be certifying that you have read and understood the Notice.

5.   IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILES A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A PROOF OF CLAIM AND RELEASE FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN DISTRIBUTIONS FROM THE NET SETTLEMENT FUND IF YOU ARE NOT A CLASS MEMBER. ACCORDINGLY, IF YOU FILE A REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY PROOF OF CLAIM AND RELEASE THAT YOU SUBMIT, OR WHICH MAY BE SUBMITTED ON YOUR BEHALF, WILL <u>NOT</u> BE ACCEPTED.

6.   To recover as a Class member, you must complete and sign this Proof of Claim and Release form and mail it to the Claims Administrator on or before _____. If you fail to submit a timely, properly addressed, and completed Proof of Claim and Release, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.   Submission of this Proof of Claim and Release does not ensure that you will share in the proceeds of the Net Settlement Fund. Distributions from the Net Settlement Fund are governed by the Plan of Allocation which will be submitted to the court for approval. The proposed Plan, is included in the Notice.

8.   If you have questions concerning the Proof of Claim and Release form, or need additional copies of the Notice or Proof of Claim and Release form, you may contact the Claims Administrator, Berdon Claims Administration LLC, at the above address or by toll-free phone at (800) 766-3330 or you can e-mail your inquiries through or download the documents from the Claims Administrator's Internet web site, www.berdonclaims.com.

9.   If you are a Class Member (as defined in the Notice) and you do not exclude yourself once the Court approves the proposed settlement ("Settlement"), you will be bound by the terms of any judgment that the Court enters. You will be bound by this judgment whether or not you submit a Proof of Claim and Release form. The judgment enjoins the Class Members from filing or continuing to prosecute the Released Claims against all Released Persons.

10.   To have a claim recognized, you are required to submit copies of genuine and sufficient documentation for all relevant transaction in Veritas securities during the Class Period between April 23, 2003, and July 6, 2004, inclusive, and holdings prior to and at the end of the class period. A complete list of acceptable supporting documentation can be found on the Claims Administrator's website: www.berdonclaims.com. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR. FAILURE TO SUPPLY

2

THIS DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL STOCK CERTIFICATES.

11. If you purchased or otherwise acquired Veritas securities (including common stock, calls and other publicly traded securities) during the Class Period and held the securities in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired Veritas securities during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer of these securities, but the third party is the record purchaser or acquirer of these securities.

12. Use Section B of this form entitled "Claimant Information" to identify each beneficial purchaser or acquirer of Veritas securities which forms the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE VERITAS SECURITIES UPON WHICH THIS CLAIM IS BASED.

13. Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim and Release form on behalf of persons or entities represented by them and they must:

    (a) own(ed) the Veritas securities you have listed in the Proof of Claim and Release; or
    (b) be expressly authorized to act on behalf of the owner thereof.

14. By submitting a signed Proof of Claim and Release form, you will be swearing to the truth of the statements contained herein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

15. If your trading activity during the Class Period exceeds 50 transactions, you must provide, in an electronic file, all purchase and sale information required in the Schedule of Transactions. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by phone: (800) 766-3330; by fax: (516) 931-0810; or via the website at: www.berdonclaims.com.

16. On the schedules of transactions, provide all requested information with respect to your holdings of and transactions in Veritas securities. Failure to report all such transactions may result in rejection of your claim.

17. In processing claims, the first-in, first-out ("FIFO") basis will be applied to both purchases and sales. The date of purchase or sale of Veritas securities is the "contract" or "trade" date, as distinguished from the "settlement" date.

18. Brokerage commissions and transfer taxes paid by you in connection with your purchase(s), acquisition(s) and sale(s) of common stock during the Class Period should be excluded from the purchase and sale price.

3

## SECTION B - CLAIMANT INFORMATION

**Claimant Name(s)** (Beneficial Owner/Custodian):

**Last 4 digits of Claimant Social Security Number/Taxpayer ID Number:**

**Trustee/Asset Manager/Nominee/Record Owner's Name** (if different from Claimant/Beneficial Owner Listed Above):

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Street Address:**

**City:**

**State and Zip Code:**

**Country (Other than U.S.):**

**Daytime Telephone Number** (   )    -       **Evening Telephone Number** (   )    -

**Email Address:**

IF YOU FAIL TO SUBMIT A <u>COMPLETE</u> CLAIM BY _____, 2008 YOUR CLAIM IS SUBJECT TO REJECTION OR YOUR PAYMENT MAY BE DELAYED.

4

## SECTION C - SECURITIES TRANSACTIONS

### SCHEDULE OF TRANSACTIONS IN VERITAS COMMON STOCK

A. State the total number of shares of Veritas common stock owned at the close of trading on April 22, 2003, long or short (*must be documented*) : _____

B. SEPARATELY LIST EACH AND EVERY PURCHASE OF VERITAS COMMON STOCK DURING THE PERIOD APRIL 23, 2003 THROUGH JULY 2, 2004 AND PROVIDE THE FOLLOWING INFORMATION (*MUST BE DOCUMENTED*):

| Trade Date (*list chronologically*) Month/Day/Year | Number of Shares Purchased | Price per Share (*excluding commissions, taxes and fees*) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

C. SEPARATELY LIST EACH AND EVERY SALE OF VERITAS COMMON STOCK DURING THE PERIOD APRIL 23, 2003 THROUGH JULY 2, 2004 AND PROVIDE THE FOLLOWING INFORMATION (*MUST BE DOCUMENTED*):

| Trade Date (*list chronologically*) Month/Day/Year | Number of Shares Sold | Price per Share (*excluding commissions, taxes and fees*) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

D. State the total number of shares of Veritas common stock owned at the close of trading on July 2, 2004, long or short (*must be documented*) : _____

If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.

*Schedule of transactions in Veritas option contracts and notes appears on the following pages.*

SCHEDULE OF TRANSCTIONS IN VERITAS CALL AND PUT OPTIONS

A.  State the total number of Veritas call/put option contracts owned at the close of trading on April 22, 2003, long or short (*must be documented*):

| Type of Option Contract | Exp. Date & Strike Price | Number of Option Contracts |
|---|---|---|
|  |  |  |
|  |  |  |

B.  Separately list each and every **purchase** of Veritas **call option contracts** to open a new position during the period April 23, 2003 **through** July 2, 2004 and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Purchased | Price per Contract |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.  Separately list each and every **sale** of Veritas **call option contracts** indicated above during the period April 23, 2003 **through** July 2, 2004 and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Sold | Price per Contract |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.  Separately list each and every **sale** of Veritas **call option contracts** that were made to open a new position during the period June 2, 2004 through July 2, 2004, which remained in a short position as of the close of trading on July 2, 2004, and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Sold | Price per Contract |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.  Separately list each and every **sale** of Veritas **put option contracts** to open a new position during the period April 23, 2003 **through** July 2, 2004 and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Sold | Price per Contract |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

F.  Separately list each and every **repurchase** of Veritas **put option contracts** indicated above during the period April 23, 2003 **through** July 2, 2004 and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Repurchased | Price per Contract |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

G.  Separately list each and every **purchase** of Veritas **put option contracts** that were made to open a new position during the period June 2, 2004 through July 2, 2004, which remained in a long position as of the close of trading on July 2, 2004, and provide the following information (*must be documented*):

| Type of Option Contract | Exp. Date & Strike Price | Number of Option Contracts |
|---|---|---|
| | | |
| | | |

SCHEDULE OF TRANSCTIONS IN VERITAS SUBORDINATE NOTES

A.  State the total number of Veritas subordinate notes owned at the close of trading on April 22, 2003, long or short (*must be documented*):

| Type of Note | Face Value |
|---|---|
| | |
| | |

B.  SEPARATELY LIST EACH AND EVERY PURCHASE OF VERITAS SUBORDINATE NOTES DURING THE PERIOD APRIL 23, 2003 THROUGH JULY 2, 2004 AND PROVIDE THE FOLLOWING INFORMATION (*MUST BE DOCUMENTED*):

| Trade Date (list chronologically) Month/Day/Year | Type of Note | Face Value | Price as % of Face Value |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

C.  SEPARATELY LIST EACH AND EVERY SALE OF VERITAS SUBORDINATE NOTES DURING THE PERIOD APRIL 23, 2003 THROUGH JULY 2, 2004 AND PROVIDE THE FOLLOWING INFORMATION (*MUST BE DOCUMENTED*):

| Trade Date (list chronologically) Month/Day/Year | Type of Note | Face Value | Price as % of Face Value |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

D.  State the total number of Veritas subordinate notes owned at the close of trading on July 2, 2004, long or short (*must be documented*):

| Type of Note | Face Value |
|---|---|
|  |  |
|  |  |

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST READ THE RELEASE AND SIGN ON PAGE ___**

## SECTION D - RELEASE AND SIGNATURE

**I.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I submit this Proof of Claim under the terms of the Stipulation dated as of _____, 2008. I also submit to the jurisdiction of the United States District Court for the District of Delaware, with respect to my claim as a Class Member (as defined in the Stipulation) and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in this Litigation. I agree to furnish additional information to Lead Plaintiffs' Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases, acquisitions or sales of Veritas securities during the Class Period and know of no other Person (as defined in the Stipulation) having done so on my behalf.

**II.  RELEASE**

A.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Persons from any and all Released Claims, including Unknown Claims.

B.  The terms used in this Release are defined below:

1.  "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Class Member against Defendants or their Related Parties in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, any action or omission or failure to act which was alleged or could have been alleged in the Litigation.

2.  "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

3.  "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.

4.  "Released Persons" means the Defendants and their respective Related Parties.

C.  This Release shall be of no force and effect unless and until the Court approves the Stipulation of Settlement (the "Settlement Stipulation") and the Settlement Stipulation becomes effective as to all Released Persons as of the Effective Date (as defined in the Settlement Stipulation).

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this \_\_\_\_ day of _____, in _____, _____.
                              (Month/Year)              (City)              (State/Country)

_____
(Sign your name here)

_____
(Type your name here)

_____
Capacity of Person(s) Signing, e.g.,
Beneficial Purchaser, Executor
or Administrator

**Reminder Checklist**

1. Remember to sign the above Certification and Release.
2. Remember to attach **copies** of supporting documentation.
3. Keep a copy of the completed claim form for your records.
4. If you want an acknowledgement of receipt of your claim form, please sent it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**
5. If your address changes in the future, please send the Claims Administrator **written** notification of your new address.
6. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

In Re Veritas Software Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Tel: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonclaims.com