**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

————————————————————x

IN RE VERITAS SOFTWARE CORPORATION    :    Case No. 04-CV-831 (SLR)

SECURITIES LITIGATION    :    Consolidated Action

————————————————————x

*[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND*
*PROVIDING FOR NOTICE*

SLR

WHEREAS, a certified class action is pending before the Court entitled *In re Veritas Software Corporation Securities Litigation*, Case No. 04-CV-831 (SLR) (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 8, 2008 (the "Stipulation"), which has been entered into by counsel on behalf of Lead Plaintiffs and Defendants (as those terms are defined in the Stipulation), and the Court has reviewed the Stipulation and its attached exhibits; and

WHEREAS, the Settling Parties (as that term is defined in the Stipulation) having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the proposed settlement ("Settlement"), in accordance with the Stipulation, which, together with the exhibits annexed thereto, sets forth the terms and conditions for a Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1.    The Court hereby preliminarily approves the Settlement as fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on _July 31,_ 2008, at _4:30 p.m_, before the Honorable Sue L. Robinson, United States District Judge, at the United States Courthouse for the District of Delaware, Caleb Boggs Federal Building, Courtroom 6124, 844 N. King Street, Wilmington, DE 19801, to determine: (1) whether the Settlement of the Litigation for the sum of $ 21.5 million in cash plus all interest earned thereon (the "Settlement Fund") should be approved by the Court as fair, reasonable and adequate; (2) whether the Litigation should be dismissed with prejudice; (3) whether the Plan of Allocation of the Settlement Fund is fair, reasonable and adequate; (4) whether the application of Co-Lead Counsel for attorneys' fees and reimbursement of costs and expenses (the "Fee and Expense Application") should be approved; and (5) whether the application for an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (the "Lead Plaintiff Expense Application") should be approved. The Court may adjourn the Settlement Hearing without further notice to Class Members.

3.    The Court preliminarily approves, as to the form and content, the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), the Summary Notice for publication (the "Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim"), annexed as Exhibits C, D and E hereto, and preliminarily finds that the mailing by first-class mail and distribution of the Notice and publishing of the Summary Notice substantially in the manner set forth in ¶¶ 5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), and

the requirements of due process, and is the best notice procedure practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

4.      The Court appoints Berdon Claims Administration LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than fourteen (14) business days after the entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the form annexed as Exhibit C and E hereto, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort;

(b)      Not later than fourteen (14) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published in the national edition of The Investors Business Daily, and on PR Newswire and Bloomberg News Service; and

(c)      No later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof of compliance with subsections (a) and (b) hereof.

5.      Nominees who purchased or acquired securities of Veritas during the period between April 23, 2003 and July 6, 2004, inclusive, shall send the Notice and Proof of Claim and Release to all beneficial owners of such securities within five (5) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within five (5) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

6.      Within fourteen (14) days of execution of this Stipulation, Defendants shall authorize its present and past transfer agents to provide Co-Lead Counsel with a list, and contact information

3

to the extent it is available, of holders of Veritas securities during the Class Period. Defendants shall use their reasonable efforts to facilitate Co-Lead Counsel's communications with the transfer agents.

7.      All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

8.      Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted to the Claims Administrator no later than 120 days after the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

9.      Any person or entity that desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

10.      Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of the Class Member's choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

11.      Any Member of the Class may appear and show cause if he, she or it has any reason why the Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why the Fee and Expense Application should or should not be

granted, and why the Lead Plaintiff Expense Application should or should not be granted; provided, however, that no Class Member or any other Person shall be heard unless that Person has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2008 on: Jeffrey S. Nobel, Schatz Nobel Izard P.C., 20 Church Street, Suite 1700, Hartford, CT 06103; Jeffrey M. Norton, Harwood Feffer LLP, 488 Madison Avenue, New York, NY 10022; Ira A. Schochet, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Peter J. Walsh, Jr., Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Delaware, on or before _6/30 str_, 2008. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, the Fee and Expense Application and the Lead Plaintiff Expense Application.

12.    The Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Fund shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13.    All papers in support of the Settlement, the Plan of Allocation and any application by Co-Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14.    All reasonable expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release

forms and paying escrow fees and costs, if any, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any expenses or costs which have either been disbursed pursuant to ¶2.6 of the Stipulation or are determined to be chargeable to the Class Notice and Administration Fund.

15.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

16.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED**.

DATED: _April 16, 2008_    _____
THE HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE