# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION | Case No. 04-CV-831 (SLR) Consolidated Action |
| This Document Relates to: ALL ACTIONS. | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS LITIGATION

**TO:    ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF VERITAS SOFTWARE CORPORATION ("VERITAS") DURING THE PERIOD BETWEEN APRIL 23, 2003 AND JULY 6, 2004, INCLUSIVE, AND WHO WERE DAMAGED THEREBY (THE "CLASS").**

**YOU MAY BE ELIGIBLE TO PARTICIPATE IN A CLASS LITIGATION SETTLEMENT. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER OR NOT YOU ACT. PLEASE READ THIS NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION ("NOTICE") CAREFULLY.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of *In Re Veritas Software Corporation Securities Litigation,* Case No. 04-CV-831 (the "Litigation") pursuant to an agreement entitled the Stipulation of Settlement (the "Stipulation") to resolve the claims in the Litigation, and of the hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed settlement. This Notice describes the rights you may have in connection with the proposed settlement and what steps you may take in relation to the proposed settlement and the Litigation.

### SUMMARY OF SETTLEMENT AND RELATED MATTERS

**CLAIMS DEADLINE:** CLAIMANTS WISHING TO RECOVER FROM THE SETTLEMENT MUST SUBMIT PROOFS OF CLAIM ON THE FORM ACCOMPANYING THIS NOTICE, SO THAT THEY ARE **RECEIVED NO LATER THAN AUGUST 28, 2008.**

**EXCLUSION DEADLINE:** CLAIMANTS WISHING TO BE EXCLUDED FROM THE SETTLEMENT MUST SUBMIT REQUESTS FOR EXCLUSION SO THAT THEY ARE **RECEIVED NO LATER THAN JUNE 30, 2008.**

**SECURITIES BROKERS AND OTHER NOMINEES:** PLEASE SEE INSTRUCTIONS BELOW.

The Honorable Sue L. Robinson, United States District Judge for the District of Delaware has ordered that this Notice be sent to you. All terms are defined in the Stipulation on file with the Court.

The Court will hold a Settlement Hearing on July 31, 2008 at 4:30 p.m. at the United States Courthouse for the District of Delaware, Caleb Boggs Federal Building, Courtroom 6124, 844 N. King Street, Wilmington, DE 19801, to decide: (1) whether the settlement of the Litigation for the sum of $21.5 million in cash plus all interest earned thereon (the "Settlement Fund") should be approved by the Court as fair, reasonable and adequate; (2) whether the Litigation should be dismissed with prejudice; (3) whether the plan of allocation of the Settlement Fund is fair, reasonable and adequate; (4) whether the application of Co-Lead Counsel for attorneys' fees and reimbursement of costs and expenses (the "Fee and Expense Application") should be

approved; and, (5) whether the application for an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (the "Lead Plaintiff Expense Application") should be approved.

**Class Recovery:** The aggregate amount of the Settlement Fund proposed to be distributed to the Class is $21,500,000 plus interest earned thereon and less the costs of notice to the Class, costs of administration of the Settlement Fund, taxes and tax expenses associated with the Settlement Fund, and any amounts awarded by the Court for attorneys' fees and reimbursement of costs and expenses. Assuming that all securities entitled to participate in the Settlement do so, Co-Lead Counsel estimate that the average recovery per damaged share of Veritas common stock under the Settlement is $0.12 per damaged share, before deduction of Court-awarded attorneys' fees, costs and expenses. A Class Member's actual recovery will be a proportion of the net Settlement Fund determined by the authorized claimant's claim as compared to the total recognized claims of all Class Members who submit acceptable Proofs of Claim and Release. Individual Class Members' actual recoveries under the Settlement will vary, depending upon when the securities were purchased, the amount they paid for the securities, the amount of proceeds they received, if any, if the securities purchased during the Class Period were sold, when the securities were sold, and the number of Claimants who actually file Proofs of Claim and Release. For a more detailed description of the allocation of the Settlement Fund, please refer to the section below entitled "Plan of Allocation."

**Potential Outcome If the Litigation Were To Continue:** The settling parties do not agree on the average amount of damages per share and/or security that would be recoverable if the plaintiffs had prevailed on each of their claims under the Securities Exchange Act of 1934 ("1934 Act") against Defendants. The settling parties also disagree about whether plaintiffs would be able to prove their claims, including issues such as: (1) whether Defendants' accounting was correct under generally accepted accounting principles ("GAAP"); (2) whether Defendants' forecast of revenue and earnings for the quarter ended June 30, 2004 was materially misleading; (3) whether Defendants had knowledge about any GAAP violations or any materially misleading forecast of revenue or earnings; (4) whether investors suffered any damages from any misrepresentations and, if so, the measurement and amount of any such damages.

**Statement of Attorneys' Fees and Expenses Sought:** Co-Lead Counsel intend to apply to the Court for an award of attorneys' fees of no more than thirty percent (30%) of the Settlement Fund, plus reimbursement of costs and expenses of up to $650,000, including an award of up to $15,000 to each Lead Plaintiff pursuant to the Lead Plaintiff Expense Application. If the amounts requested by Co-Lead Counsel are approved by the Court, the average cost per security would be approximately $0.04 per damaged share.

**Identification of Lawyers' Representatives:** The Court-appointed Co-Lead Counsel are available to answer questions from Class Members about any matter contained in this Notice:

**SCHATZ NOBEL IZARD P.C.**   **HARWOOD FEFFER LLP**
Jeffrey S. Nobel        Robert I. Harwood
Seth R. Klein          Jeffrey M. Norton
20 Church Street, Suite 1700    488 Madison Avenue
Hartford, CT 06103       New York, NY 10022

**LABATON SUCHAROW LLP**
Ira A. Schochet
Stephen W. Tountas
140 Broadway
New York, NY 10005

**This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.**

**Deadlines:**

| | |
|---|---|
| Request Exclusion: | June 30, 2008 |
| File Objection: | June 30, 2008 |
| Submit Claim Form: | August 28, 2008 |

**Court Hearing on Fairness of Settlement:**    July 31, 2008

**More Information:**

**Claims Administrator:**
Veritas Software Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Phone: (800) 766-3330
Fax: (516) 931-0810
www.berdonclaims.com

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A PROOF OF CLAIM FORM**  
The only way to get a payment from the Settlement Fund.

**EXCLUDE YOURSELF**  
Receive no payment. Remove yourself from the Class. This is the only option that allows you to commence or participate in your own lawsuit against the Defendants relating to the same legal claims asserted in this case.

**OBJECT**  
You may write to the Court if you know of facts or circumstances which would lead you to believe that the settlement is not fair, reasonable or adequate, but you will continue to remain in the Class.

**GO TO A HEARING**  
If you remain in the Class, you may ask to speak in court about the fairness of this settlement at the Settlement Hearing, if you have given prior written notice, as discussed below, and may, but are not required to, hire your own counsel.

**DO NOTHING**  
Receive no payment and forfeit the right to sue in another litigation, and release all Defendants for the claims which were or could have been asserted in this Litigation.

## BASIC INFORMATION

### 1. Why Did I Get This Notice Package?

You may have purchased securities of Veritas between April 23, 2003 and July 6, 2004, inclusive. The Court has asked that this Notice be sent to you because you have a right to know about the proposed settlement and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

**2. What Is This Litigation About?**

This is a securities fraud class action. The Lead Plaintiffs in this case are Tay Siew Choon and Mark Leonov. The Defendants are Veritas, Edwin J. Gillis and Gary Bloom.

In the Litigation, Lead Plaintiffs alleged material misrepresentations to investors during the Class Period which are encompassed in two general sets of claims. First, Lead Plaintiffs claim that Veritas' accounting and financial results were materially misleading because they improperly deferred revenue and accelerated expenses, thereby understating net income, in certain periods, and improperly overstated revenue and net income in other periods, all in violation of GAAP. Second, Lead Plaintiffs alleged that Defendants issued financial projections which they knew were false or misleading in order to prop up the price of Veritas' stock. Specifically, the complaint asserts claims under Sections 10(b) and 20(a) of the 1934 Act.

Lead Plaintiffs filed a Consolidated Amended Class Litigation Complaint on May 5, 2003. Defendants moved to dismiss this complaint on July 20, 2005. The Court upheld the complaint on May 23, 2006. Defendants then filed an answer to the complaint on June 7, 2006. Lead Plaintiffs filed the Second Consolidated Amended Class Litigation Complaint (the "Complaint") on September 5, 2006. On October 25, 2006 the Court entered an order certifying the Class. Thereafter, after mediation to settle the claims had begun, as further described below, Defendants filed a motion for summary judgment on September 19, 2007. This motion demonstrated that while the Complaint asserted meritorious claims, Defendants could assert defenses, most importantly with respect to materiality, scienter and loss causation. These issues posed risks to the Litigation and could have either resulted in the dismissal of the Litigation, or a severe curtailment of the Class' damages. Although this motion for Summary Judgment was denied by Order dated February 28, 2008, the Court did so "without prejudice" to renew, meaning that Defendants could have filed a similar motion in the future.

**3. Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiffs, Tay Siew Choon and Mark Leonov), sue on behalf of people or entities who have similar claims. Here, the Lead Plaintiffs sued on behalf of the Class or Class Members. In this class action, the Court resolves the issues for all Class Members at the same time, except for those who voluntarily exclude themselves or opt out from the Class.

**4. Why Is There a Settlement?**

After nearly four years of litigation, the review of over 1.2 million pages of documents, exchange of extensive discovery, the conduct of numerous interviews with former employees of Veritas, and months of negotiations, both sides agreed to a settlement based on a compromise of the claims and defenses. The settlement was arrived at through several arms' length negotiations and the assistance of a mediator. Lead Plaintiffs and their attorneys agreed to a settlement in principle after considering the results of their factual and legal investigation of the Class' claims, and the real possibility that Defendants could prevail upon certain of their arguments in connection with a Motion for Summary Judgment, which would have resulted in the dismissal of the Litigation — and no recovery for the Class. In addition, even after reaching the settlement in principle, counsel for the Lead Plaintiffs conducted extensive additional discovery, including reviewing transcripts of SEC testimony by approximately ten former Veritas officers or employees, including Individual Defendants Bloom and Gillis, and conducting new interviews with approximately eight (8) former Veritas officers and employees, including Defendants Bloom and Gillis, in order to confirm the adequacy, reasonableness and fairness of the settlement.

Based on their analysis and investigation of the claims, Lead Plaintiffs and their counsel believe that the Settlement is in the best interests of all Class Members.

## WHO CAN PARTICIPATE IN THE SETTLEMENT?

To see if you will receive a distribution from this Settlement, you first have to determine if you are a Class Member.

### 5. How Do I Know If I Am A Class Member?

You are in the Class if you purchased or acquired securities of Veritas between April 23, 2003 and July 6, 2004, inclusive (the "Class Period"), and you were damaged thereby.

### 6. Who Is Excluded From The Class?

Excluded from the Class are: (a) Defendants; (b) members of the immediate family of each of the Individual Defendants; (c) any entity in which any Defendant has or had a controlling interest; (d) current or former directors and officers of Veritas during the Class Period; (e) the legal representatives, heirs, successors or assigns of any such excluded Person or entity; and (f) any Person who timely and validly excludes himself, herself or itself from the Class by submitting an exclusion request.

### 7. I Am Still Not Sure If I Am Included.

If you are still not sure whether you are included in the Class, you can ask for free help. You can call the Claims Administrator, Berdon Claims Administration LLC, at (800) 766-3330, fax to (516) 931-0810, or visit www.berdonclaims.com for more information. Or, you can fill out and return the claim form described below, and the Claims Administrator will determine if you qualify.

## THE SETTLEMENT BENEFITS

### 8. What Does the Settlement Provide?

Defendants have agreed to pay $21.5 million in cash to settle the Litigation. This Settlement Fund will be distributed to eligible Class Members who send in valid Proof of Claim forms with the required documentation, after other Court-approved payments are deducted from the Settlement Fund (the "Net Settlement Fund"). These other payments include: payment of Court-approved attorneys' fees, costs and expenses, and the costs of notice and administration of the Settlement.

### 9. How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend upon: (a) the number of valid Proof of Claim forms that Class Members have submitted (the fewer the number of Class Members who choose to participate in the Settlement, the larger the recovery for each participant); (b) the number of securities you purchased or otherwise acquired during the Class Period; and (c) when you bought and sold your Veritas securities.

In order for you to recover, you must have suffered an actual monetary loss on the securities that you purchased or acquired during the Class Period.

### 10. Plan of Allocation of Settlement Proceeds Among Class Members

The $21.5 million Settlement Fund, plus interest earned thereon, less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to Members of the Class who submit valid Proofs of Claim ("Authorized Claimants"). The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim" (or "Recognized Loss"). To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total claims of all Authorized Claimants.

The Plan of Allocation is derived from analysis by Plaintiffs' damages expert of the market-adjusted declines in the price of Veritas stock upon disclosure of the accounting restatement on March 15, 2004 ($0.56 per share) and disclosure of the actual terms of the restatement on June 14, 2004 ($0.11 per share), as well as the market-adjusted decline in the price of Veritas stock upon disclosure following trading on July 2, 2004 of the failure to meet revenue and earnings guidance provided by Veritas ($8.50 per share); the adjusted price drop of $8.50 per share following July 2, 2004 was reduced by 50% based upon Lead Counsel's analysis of the likelihood of success of proving the claims related to the earnings guidance. The complete Plan of Allocation is as follows:

## Common Stock

a. For Veritas common stock purchased between April 23, 2003 and March 12, 2004:

    i. No claim will be recognized for any shares of Veritas common stock purchased between April 23, 2003 and March 12, 2004 which were not owned as of the close of trading on March 12, 2004.

    ii. For common stock purchased between April 23, 2003 and March 12, 2004 and owned as of the close of trading on March 12, 2004 and sold between March 15, 2004 and June 1, 2004 an Authorized Claimant's Recognized Claim shall be the lesser of: (a) of the difference, if a loss, between the purchase price and the sale price; or (b) $0.56 per share.

    iii. For common stock purchased between April 23, 2003 and March 12, 2004 and owned as of the close of trading on March 12, 2004 and sold between June 2, 2004 and July 2, 2004 an Authorized Claimant's Recognized Claim shall be zero ($0.00).

    iv. For common stock purchased between April 23, 2003 and March 12, 2004 and held as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and $17.00; or (b) $0.67.

b. For Veritas common stock purchased between March 15, 2004 and June 1, 2004:

    i. No claim will be recognized for any shares of Veritas common stock purchased between March 15, 2004 and June 1, 2004 which were not owned as of the close of trading on July 2, 2004.

    ii. For common stock purchased between March 15, 2004 and June 1, 2004 and held as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and $17.00; or (b) $0.11.

c. For Veritas common stock purchased between June 2, 2004 and June 10, 2004:

    i. No claim will be recognized for any shares of Veritas common stock purchased between June 2, 2004 and June 10, 2004 which were not owned as of the close of trading on June 10, 2004.

    ii. For common stock purchased between June 2, 2004 and June 10, 2004 and sold between June 14, 2004 and July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and the sale price; or (b) $0.11.

    iii. For common stock purchased between June 2, 2004 and June 10, 2004 and held as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and $17.00; or (b) $4.36.

d. For Veritas common stock purchased between June 14, 2004 and July 2, 2004:

    i. No claim will be recognized for any shares of Veritas common stock purchased between June 14, 2004 and July 2, 2004 which were not owned as of the close of trading on July 2, 2004.

    ii. For common stock purchased between June 14, 2004 and July 2, 2004 and held as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and $17.00; or (b) $4.25.

e.  Shares of common stock originally sold short will have a zero Recognized Loss except:

   i.  Shares of common stock originally sold short between June 2, 2004 and the close of trading on June 10, 2004, and which were still in a short position as of the close of trading on July 2, 2004 will reduce the Recognized Loss by the lesser of: (a) 50% of the difference between (x) the sales price and (y) $17.00 per share; or (b) $4.36 per share;

   ii.  Shares of common stock originally sold short between June 14, 2004 and the close of trading on July 2, 2004 and which were still in a short position as of the close of trading on July 2, 2004 will reduce the Recognized Loss by the lesser of: (a) 50% of the difference between (x) the sales price and (y) $17.00 per share; or (b) $4.25 per share.

## Put and Call Options

The total recovery payable to Authorized Claimants from transactions in call or put options shall not exceed five percent (5%) of the Net Settlement Fund.

### Call Options

a.  For call options purchased between April 23, 2003 and March 12, 2004:

   i.  No claim will be recognized for any Veritas call options purchased between April 23, 2003 and March 12, 2004 which were not owned as of the close of trading on March 12, 2004;

   ii.  For call options purchased between April 23, 2003 and March 12, 2004 and owned as of the close of trading on March 12, 2004 and sold or expired between March 15, 2004 and June 1, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount paid for the call options (excluding brokerage commissions and transaction charges) and (y) the sum for which said call options were subsequently sold at a loss, after brokerage commissions and transaction charges, or zero ($0.00) if the call option expired while still owned by the Authorized Claimant; or (b) $0.56 per share covered by such call options;

   iii.  For call options purchased between April 23, 2003 and March 12, 2004 and owned as of the close of trading on March 12, 2004 and sold between June 2, 2004 and July 2, 2004, an Authorized Claimant's Recognized Claim shall be zero ($0.00);

   iv.  For call options purchased between April 23, 2003 and March 12, 2004 and owned as of the close of trading on March 12, 2004 and which were still owned as of the close of trading on July 6, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount paid for the call options (excluding brokerage commissions and transaction charges) and (y) zero ($0.00); or (b) $0.67 per share covered by such call options;

   v.  Shares of Veritas acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of common stock.

b.  For call options purchased between March 15, 2004 and June 1, 2004:

   i.  No claim will be recognized for any Veritas call options purchased between March 15, 2004 and June 1, 2004 that were not owned as of the close of trading on July 2, 2004;

   ii.  For call options purchased between March 15, 2004 and June 1, 2004 and owned as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount paid for the call options (excluding brokerage commissions and transaction charges) and (y) zero ($0.00); or (b) $0.11 per share covered by such call options;

7

    iii. Shares of Veritas acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of common stock.

c. For call options purchased between June 2, 2004 and June 10, 2004:

    i. No claim will be recognized for any Veritas call options purchased between June 2, 2004 and June 10, 2004 that were not owned as of the close of trading on June 10, 2004;

    ii. For Veritas call options purchased between June 2, 2004 and June 10, 2004 and owned as of the close of trading on June 10, 2004 and sold or expired between June 14, 2004 and July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount paid for the call options (excluding brokerage commissions and transaction charges) and (y) the sum for which said call options were subsequently sold at a loss, after brokerage commissions and transaction charges, or zero ($0.00) if the call option expired while still owned by the Authorized Claimant; or (b) $0.11 per share covered by such call options;

    iii. For call options purchased between June 2, 2004 and June 10, 2004 and owned as of the close of trading on June 10, 2004 and which were still owned as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount paid for the call options (excluding brokerage commissions and transaction charges) and (y) zero ($0.00); or (b) $4.36 per share covered by such call options;

    iv. Shares of Veritas acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of common stock.

d. For call options purchased between June 14, 2004 and July 2, 2004:

    i. No claim will be recognized for any Veritas call options purchased between June 14, 2004 and July 2, 2004 which were not owned as of the close of trading on July 2, 2004;

    ii. For Veritas call options purchased between June 14, 2004 and July 2, 2004 and owned as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount paid for the call options (excluding brokerage commissions and transaction charges) and (y) zero ($0.00); or (b) $4.25 per share covered by such call options;

    iii. Shares of Veritas acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of common stock.

e. Call options originally sold short (or as a covered call) will have a zero Recognized Loss except:

    i. Call options originally sold short between June 2, 2004 and the close of trading on June 10, 2004 and which were still in a short position as of the close of trading on July 2, 2004 will reduce the Recognized Loss by the lesser of: (a) 50% of sales price of the call options; or (b) $4.36 per share covered by such options;

    ii. Call options originally sold short between June 14, 2004 and the close of trading on July 2, 2004 and which were still in a short position as of the close of trading on July 2, 2004 will reduce the Recognized Loss by the lesser of: (a) 50% of the sales price of the call options; or (b) $4.25 per share covered by such options.

**Put Options**

a.  For Veritas put options sold (written) during the Class Period that expired unexercised, an Authorized Claimant's Recognized Claim shall be zero ($0.00).

b.  For put options sold (written) between April 23, 2003 and March 12, 2004 and which were the obligation of the Authorized Claimant as of the close of trading on March 12, 2004:

   i.  No claim will be recognized for Veritas put options sold (written) between April 23, 2003 and March 12, 2004 which were not the obligation of the Authorized Claimant as of the close of trading on March 12, 2004;

   ii.  For put options that were repurchased between March 15, 2004 and June 10, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss (excluding brokerage commissions and transaction charges); or (b) $0.56 per share covered by such put options repurchased or expired between March 15, 2004 and June 10, 2004;

   iii.  For put options that were repurchased between June 14, 2004 and July 2, 2004, an Authorized Claimant's Recognized Claim shall be zero ($0.00);

   iv.  For put options that were the obligation of the Authorized Claimant at the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss between July 6, 2004 and July 5, 2005; or (b) $0.67 per share covered by such put option;

   v.  For Veritas put options written between April 23, 2003 and March 12 that were "put" to the Authorized Claimant (*i.e.,* exercised), the Authorized Claimant's Recognized Claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Veritas common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option.

c.  For put options sold (written) between March 15, 2004 and June 1, 2004 and which were the obligation of the Authorized Claimant as of the close of trading on June 1, 2004:

   i.  No claim will be recognized for Veritas put options sold (written) between March 15, 2004 and June 1, 2004 which were not the obligation of the Authorized Claimant as of the close of trading on July 2, 2004;

   ii.  For put options that were repurchased between July 6, 2004 and July 5, 2005, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss (excluding brokerage commissions and transaction charges); or (b) $0.11 per share covered by such put options;

   iii.  For Veritas put options written between March 15, 2004 and June 10, 2004 that were "put" to the Authorized Claimant (*i.e.,* exercised), the Authorized Claimant's Recognized Claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Veritas common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option;

d.  For put options sold (written) between June 2, 2004 and June 10, 2004:

    i.  No claim will be recognized for any Veritas put option sold (written) between June 2, 2004 and June 10, 2004 that was not the obligation of the claimant as of the close of trading on June 10, 2004;

    ii.  For put options that were the obligation of the claimant as of the close of trading on June 10, 2004 and were repurchased between June 14, 2004 and the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss (excluding brokerage commissions and transaction charges); or (ii) $0.11 per share covered by such put options;

    iii.  For put options that were the obligation of an Authorized Claimant as of the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss between July 6, 2004 and July 5, 2005 (excluding brokerage commissions and transaction charges); or (b) $4.36 per share covered by such put options;

    iv.  For Veritas put options written between June 14, 2004 and July 2, 2004 that were "put" to the Authorized Claimant (*i.e.,* exercised), the Authorized Claimant's Recognized Claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Veritas common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option.

e.  For put options sold (written) between June 14, 2004 and July 2, 2004:

    i.  No claim will be recognized for any Veritas put option sold (written) between June 14, 2004 and July 2, 2004 that was not the obligation of the claimant as of the close of trading on July 2, 2004;

    ii.  For Veritas put options sold (written) between June 14, 2004 and July 2, 2004 that were the obligation of the Authorized Claimant at the close of trading on July 2, 2004, an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss between July 6, 2004 and July 5, 2005 (excluding brokerage commissions and transaction charges); or (b) $4.25 per share covered by such put options;

    iii.  For Veritas put options written between June 14, 2004 and July 2, 2004 that were "put" to the Authorized Claimant (*i.e.,* exercised), the Authorized Claimant's Recognized Claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Veritas common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option.

f.  Put options that were originally purchased shall have a zero Recognized Loss, except:

    i.  Put options which were purchased between June 2, 2004 and the close of trading on June 10, 2004 and which were held at the close of trading on July 2, 2004 will reduce the Recognized Loss by the lesser of: (a) 50% of the difference between (x) the strike price and (y) the sum of (i) the purchase price and (ii) $17.00 per share covered by such options; or (b) $4.36 per share covered by such put options;

    ii.  Put options which were purchased between June 14, 2004 and the close of trading on July 2, 2004 and which were held at the close of trading on July 2, 2004 will reduce the Recognized Loss by the lesser of: (a) 50% of the difference between (x) the strike price and (y) the sum of (i) the purchase price and (ii) $17.00 per share covered by such options; or (b) $4.25 per share covered by such put options.

## Subordinated Notes

The total recovery payable to Authorized Claimants from transactions in the 0.25% Convertible Subordinated Notes Due August 1, 2013 (the "Notes") shall not exceed five percent (5%) of the Net Settlement Fund.

    a.  For Veritas Convertible Subordinated Notes Due August 1, 2013 purchased between August 1, 2003 and March 12, 2004:

        i.  No claim will be recognized for any Notes purchased between August 1, 2003 and March 12, 2004 which were not owned as of the close of trading on March 12, 2004;

        ii.  For Notes purchased between August 1, 2003 and March 12, 2004 and owned as of the close of trading on March 12, 2004 and sold between March 15, 2004 and June 1, 2004 an Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and the sale price; or (b) 1.5% of the face value of such Notes;

        iii.  For Notes purchased between August 1, 2003 and March 14, 2004 and owned as of the close of trading on March 14, 2004 and sold between June 1, 2004 and July 2, 2004 an Authorized Claimant's Recognized Claim shall be zero ($0.00);

        iv.  For Notes purchased between April 2, 2003 and March 14, 2004 and held as of the close of trading on July 2, 2004, and Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and 92.75; or (b) 2.0% of the face value of such Notes.

    b.  For Veritas 0.25% Convertible Subordinated Notes Due August 1, 2013 purchased between March 15, 2004 and June 1, 2004:

        i.  No claim will be recognized for any Notes purchased between March 15, 2004 and June 1, 2004 which were not owned as of the close of trading on July 2, 2004;

        ii.  For Notes purchased between March 15, 2004 and June 1, 2004 and held as of the close of trading on July 2, 2004, and Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and 97.59; or (b) 0.5% of the face value of such Notes.

    c.  For Veritas 0.25% Convertible Subordinated Notes Due August 1, 2013 purchased between June 2, 2004 and June 10, 2004:

        i.  No claim will be recognized for any Notes purchased between June 2, 2004 and June 10, 2004 which were not owned as of the close of trading on June 10, 2004.

        ii.  For Notes purchased between June 2, 2004 and June 10, 2004 and sold between June 14, 2004 and July 2, 2004, and Authorized Claimant's Recognized Claim shall be be the lesser of: (a) the difference, if a loss, between the purchase price and 97.59; or (b) 0.8% of the face value of such Notes.

        iii.  For Notes purchased between June 2, 2004 and June 10, 2004 and held as of the close of trading on July 2, 2004, and Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and 92.75; or (b) 2.55% of the face value of such Notes.

    d.  For Veritas 0.25% Convertible Subordinated Notes Due August 1, 2013 purchased between June 14, 2004 and July 2, 2004:

        i.  No claim will be recognized for any Notes purchased between June 14, 2004 and July 2, 2004 which were not owned as of the close of trading on July 2, 2004.

        ii.  For Notes purchased between June 14, 2004 and July 2, 2004 and held as of the close of trading on July 2, 2004, and Authorized Claimant's Recognized Claim shall be the lesser of: (a) the difference, if a loss, between the purchase price and 92.75; or (b) 1.75% of the face value of such Notes.

    e.  For the 1.865% Convertible Subordinated Notes due 2006 and the 5.25% Convertible Subordinated Notes due 2004:

        i.  No Claim shall be recognized for the 1.865% Notes or the 5.25% Notes.

        ii.  Shares of Veritas acquired during the Class Period through the conversion of these Notes shall be computed as provided for other purchases of common stock, with the conversion date being the date of purchase of the common stock.

## General Provisions

    a.  In processing claims, the first-in, first-out basis will be applied to purchases and sales. Shares held at the beginning of the Class Period will be disregarded for purposes of the calculation.

    b.  For Veritas common stock, call options or debt securities purchased or put options sold after July 2, 2004, there shall be no Recognized Loss.

    c.  The date of purchase is the "contract" or "trade" date as distinguished from the "settlement" date.

    d.  Brokerage commissions and transfer taxes paid by you in connection with your purchase(s), acquisition(s) and sale(s) of common stock during the Class Period should be excluded from the purchase and sale price.

    e.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

    f.  Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

    g.  No distribution will be made on a claim where the potential distribution amount is $10.00 or less in cash.

    h.  Payment in this manner described herein shall be deemed conclusive against all Authorized Claimants.

    i.  No Person or entity shall have any claim against the Lead Plaintiffs or their counsel, or any Claims Administrator or other agent designated by the Lead Plaintiffs or their counsel, or against Defendants or Defendants' Counsel, based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## SUBMITTING A CLAIM FORM

### 11. How Will I Get a Payment?

    To qualify for a payment, you must be an eligible Class Member and you must send in a Proof of Claim form with proper documentation. A Proof of Claim form accompanies this Notice. Read the instructions carefully, then fill out the form, include all the documents the form asks for, sign the form, and mail it so that it is received by the Claims Administrator **no later than August 28, 2008,** at the following address: Veritas Software Corporation Securities Litigation, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914.

### 12. When Will I Get My Payment?

The Court will hold a hearing on July 31, 2008, to decide whether to approve, among other things the Settlement, the Plan of Allocation, and Fee and Expense Application. If the Court approves the Settlement, there may be appeals. The appeal process can take time. However, if no appeals of the Settlement are taken, distribution of the Settlement Fund will commence several months after the claims received are processed and reviewed. As a reminder **the deadline for filing claims is August 28, 2008.**

### 13. What Am I Giving Up to Get a Payment and Stay In the Class?

Unless you exclude yourself, you are a Class Member and therefore cannot sue, continue to sue, or be part of any other lawsuit against the Defendants and certain other related parties arising from the same legal and factual issues involved in this Litigation. The Court's orders will apply to you and legally bind you and, in return for a distribution from the Settlement Fund, you will release your claims in this Litigation against all Defendants. The specific terms of the release are included in the Proof of Claim and Release form that is enclosed.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement or to release Defendants, and want to maintain the right to sue Defendants on your own about the same legal and factual issues involved in this Litigation, then you must take steps to exclude yourself or "opt-out" from the Class.

To exclude yourself or "opt-out" from the Class, you must send a letter by mail specifically stating that you want to be excluded from *In re Veritas Software Corporation Securities Litigation,* Case No. 04-CV-831 (SLR). You must include your name, address, telephone number, your signature, and the type of Veritas securities and amount you held on April 23, 2003, the type of Veritas securities and amount you purchased or acquired and sold between April 23, 2003 and July 6, 2004. Your exclusion request must be mailed so that it is received no later than June 30, 2008 at: Veritas Software Corporation Securities Litigation – Exclusions, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914.

You cannot exclude yourself by phone or e-mail. *You must submit a written request for exclusion.* If you ask to be excluded, you are not eligible to get any distribution from the Settlement Fund, and you cannot object to the Settlement. You will not be legally bound by the release entered in this Litigation.

### THE LAWYERS REPRESENTING YOU

### 14. Do I Have a Lawyer In This Case?

The Court appointed the law firms of Harwood Feffer LLP, Labaton Sucharow LLP, and Schatz Nobel Izard PC, as Co-Lead Counsel to represent you and other Class Members in this Litigation. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How Will the Lawyers Be Paid?

Co-Lead Counsel will ask the Court to award: (a) attorneys' fees not to exceed 30% of the Settlement Fund; and (b) for reimbursement of costs and expenses up to $650,000, including expenses related to expert analysis and reports. Any amounts awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Co-Lead Counsel for their efforts.

## YOUR RIGHT TO OBJECT

If you are a Class Member and you have facts which lead you to believe that the Settlement is not fair, reasonable or adequate, or if you object to the proposed Plan of Allocation or the Fees and Expense Application by Co-Lead Counsel, you can write to the Court. *You can object only if you stay in the Class.* If you exclude yourself from the Settlement, you may not object to any of these matters in this Litigation. If you exclude yourself, you will not receive any distribution from the Net Settlement Fund.

Your letter to the Court must reference *In re Veritas Software Corporation Securities Litigation,* Case No. 04-CV-831 (SLR). You must include your name, address, telephone number, your signature, proof of membership in the Class including the type of Veritas securities and amount you held on April 23, 2003 and the type of Veritas securities and amount you purchased or acquired and sold between April 23, 2003 and July 6, 2004, and state the basis of your objection together with any supporting documentation. Any objection must be mailed or delivered such that it is received by each of the following no later than June 30, 2008:

CLERK OF THE COURT
United States District Court
District Of Delaware
Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

*Co-Lead Counsel for Lead Plaintiffs and the Class:*

**SCHATZ NOBEL IZARD P.C.**
Jeffrey S. Nobel
Seth R. Klein
20 Church Street, Suite 1700
Hartford, CT 06103

**HARWOOD FEFFER LLP**
Robert I. Harwood
Jeffrey M. Norton
488 Madison Avenue
New York, NY 10022

**LABATON SUCHAROW LLP**
Ira A. Schochet
Stephen W. Tountas
140 Broadway
New York, NY 10005

*Counsel for Defendants:*

**WILSON SONSINI GOODRICH & ROSATI, PC**
Nina F. Locker
Peri Nielsen
650 Page Mill Road
Palo Alto, CA 94304-1050

**POTTER ANDERSON & CORROON LLP**
Peter Walsh
1313 North Market Street
Wilmington, DE 19801

### 16. May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter in advance indicating that you intend to appear at the *In re Veritas Software Corporation Securities Litigation,* Case No. 04-CV-831 (SLR) Settlement Hearing. You must include your name, address, telephone number, your signature, and the type of Veritas securities and amount you held on April 23, 2003, and the type of Veritas securities and amount you purchased or acquired and sold between April 23, 2003 and July 6, 2004.

Your notice of intention to appear must be mailed or delivered such that it is received no later than June 30, 2008, and must be sent to the Clerk of the Court, and to the other parties listed above. *You cannot speak at the Settlement Hearing if you have excluded yourself from the Class.*

**17. What Happens if I Do Nothing?**

If you do nothing, you will not receive a distribution from the Settlement Fund, but you will be deemed to have released Defendants from the claims asserted in this Litigation.

**18. Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement. There are additional details in the Stipulation. You can get a copy of the Stipulation by visiting the website of Berdon Claims Administration LLC at www.berdonclaims.com, or from the Clerk's office at the United States District Court for the District of Delaware, Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, during regular business hours. The website listed above will also contain links to: the Notice and the Proof of Claim and Release form. To get additional information, you can also call the Claims Administrator at (800) 766-3330, fax to (516) 931-0810, or write to Veritas Software Corporation Securities Litigation, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914.

<u>**NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**</u>

If you hold or held any Veritas securities or otherwise acquired Veritas securities for a claimant or beneficial owner between April 23, 2003 and July 6, 2004, inclusive, then, within five days after you receive this Notice, you must either: (1) send a copy of this Notice by first-class mail to all such beneficial owners; or (2) provide the names and addresses of such beneficial owners to the Claims Administrator, preferably in an MS Excel data table, setting forth: (a) title/registration, (b) street address, (c) city/state/zip; or electronically in MS Word or WordPerfect files; or on computer-generated mailing labels. CUSIP information will be posted on the following website concurrent with the mailing of this Notice. All communications with the Claims Administrator should be made to:

Veritas Software Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Phone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonclaims.com

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of thereof as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself, or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with research and/or the forwarding the Notice and Proof of Claim and Release form and which would not have been incurred otherwise, after submission of appropriate documentation to the Claims Administrator.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT
OR TO THE CLERK OF THE COURT**

Dated: April 30, 2008

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE



**Veritas Software Corporation Securities Litigation**
**c/o Berdon Claims Administration LLC**
**P.O. Box 9014**
**Jericho, NY 11753-8914**
**Phone: (800)766-3330**
**Fax: (516) 931-0810**
**www.berdonclaims.com**

## PROOF OF CLAIM AND RELEASE

**TO BE ELIGIBLE TO SHARE IN THE $21.5 MILLION SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM, AND IT MUST BE RECEIVED BY THE CLAIMS ADMINISTRATOR *ON OR BEFORE AUGUST 28, 2008.***

### TABLE OF CONTENTS

|  | Page |
| --- | --- |
| SECTION A – GENERAL INFORMATION | 17 |
| SECTION B – CLAIMANT INFORMATION | 19 |
| SECTION C – SECURITIES TRANSACTIONS | 20 |
| SECTION D – RELEASE AND SIGNATURE | 24 |
| REMINDER CHECKLIST | 26 |



## SECTION A – GENERAL INFORMATION

1. **IN ORDER TO PARTICIPATE IN THE PROCEEDS FROM THE SETTLEMENT OF *IN RE VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION*, CASE NO. 04-CV-831 (SLR) (THE "LITIGATION"), YOU MUST SEND YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, WITH SUPPORTING DOCUMENTATION, TO THE CLAIMS ADMINISTRATOR SO THAT IT IS RECEIVED ON OR BEFORE AUGUST 28, 2008, AT:**

Veritas Software Corporation Securities Litigation
Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

2. This Proof of Claim and Release form (the "claim form") is directed to investors in the securities of Veritas Software Corporation ("Veritas") during the period between April 23, 2003 and July 6, 2004, inclusive (the "Class Parties"). A class of all Persons or entities that purchased or otherwise acquired Veritas common stock, call options, debt securities, or sold Veritas put options, during the period between April 23, 2003 and July 6, 2004, inclusive, and were damaged thereby, was certified on October 25, 2006. Excluded from the Class are: Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of Veritas during the Class Period, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are any Persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Litigation ("Notice").

3. Definitions: All other capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice and the Stipulation of Settlement ("Stipulation").

4. By signing and submitting this claim form, you will be certifying that you have read and understood the Notice.

5. IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILES A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN DISTRIBUTIONS FROM THE NET SETTLEMENT FUND IF YOU ARE NOT A CLASS MEMBER. ACCORDINGLY, IF YOU FILE A REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY CLAIM FORM THAT YOU SUBMIT, OR WHICH MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

6. To recover as a Class Member, you must complete and sign this claim form and send it to the Claims Administrator with the required supporting documentation so that it is received on or before August 28, 2008. If you fail to submit a timely, properly addressed, and completed claim form, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7. Submission of this claim form does not ensure that you will share in the proceeds of the Net Settlement Fund. Distributions from the Net Settlement Fund are governed by the Plan of Allocation which will be submitted to the Court for approval. The proposed Plan is included in the Notice.

8. If you have questions concerning the claim form, or need additional copies of the Notice and Proof of Claim and Release, you may contact the Claims Administrator, Berdon Claims Administration LLC, at the above address, by toll-free phone at (800) 766-3330, by fax at (516) 931-0810, or you can e-mail your inquiries through or download the documents from the Claims Administrator's Internet website, www.berdonclaims.com.



9. If you are a Class Member (as defined in the Notice) and you do not exclude yourself once the Court approves the proposed settlement ("Settlement"), you will be bound by the terms of any judgment that the Court enters. You will be bound by this judgment whether or not you submit a claim form. The judgment enjoins the Class Members from filing or continuing to prosecute the Released Claims against all Released Persons.

10. To have a claim recognized, you are required to submit **copies** of genuine and sufficient documentation for all relevant transactions in Veritas securities during the Class Period between April 23, 2003, and July 6, 2004, inclusive, and holdings prior to and at the end of the class period. A complete list of acceptable supporting documentation can be found on the Claims Administrator's website: www.berdonclaims.com. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER OR FINANCIAL ADVISOR. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL STOCK CERTIFICATES.

11. If you purchased or otherwise acquired Veritas securities (including common stock, calls and other publicly traded securities) during the Class Period and held the securities in your name, you are the beneficial owner or acquirer as well as the record owner or acquirer. If, however, you purchased or otherwise acquired Veritas securities during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner or acquirer of these securities, but the third party is the record owner or acquirer of these securities.

12. Use Section B of this form entitled "Claimant Information" to identify each beneficial owner or acquirer of Veritas securities which forms the basis of this claim, as well as the owner or acquirer of record if different. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL OWNER(S) OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH OWNER(S) OR ACQUIRER(S) OF THE VERITAS SECURITIES UPON WHICH THIS CLAIM IS BASED.

13. Agents, executors, administrators, guardians, and trustees must complete and sign the claim form on behalf of persons or entities represented by them and they must:

(a) own(ed) the Veritas securities you have listed in the claim form; or

(b) be expressly authorized to act on behalf of the owner thereof.

14. By submitting a signed claim form, you will be swearing to the truth of the statements contained herein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

15. If your trading activity during the Class Period exceeds 50 transactions, you must provide, in an electronic file, all purchase and sale information required in the Schedule of Transactions. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by phone at (800) 766-3330; by fax at (516) 931-0810; or via the website at www.berdonclaims.com.

16. On the Schedules of Transactions, provide all requested information with respect to your holdings of and transactions in Veritas securities. Failure to report all such transactions may result in rejection of your claim.

17. In processing claims, the first-in, first-out ("FIFO") basis will be applied to both purchases and sales. The date of purchase or sale of Veritas securities is the "contract" or "trade" date, as distinguished from the "settlement" date.

18. Brokerage commissions and transfer taxes paid by you in connection with your purchase(s), acquisition(s) and sale(s) of common stock during the Class Period should be excluded from the purchase and sale price.

**VERITAS**

### SECTION B – CLAIMANT INFORMATION

**Must be received by Claims Administrator on or before August 28, 2008**

*Please Type or Print*

_____

Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____

Street Address

_____        _____    _____

City                                                                State                 Zip Code

_____        _____

Foreign Province                                            Foreign Country

_____  **or**  _____

Last 4 Digits of Social Security Number          Last 4 Digits of Taxpayer ID Number

Specify one of the following:

☐ Individual(s)      ☐ Corporation      ☐ UGMA Custodian      ☐ IRA

☐ Partnership      ☐ Estate      ☐ Trust      ☐ Other: _____

_____  _____ (Day)  _____  _____ (Eve)

Area Code    Telephone Number                        Area Code    Telephone Number

_____        _____

Facsimile Number                                            E-Mail Address

_____

Record Owner's Name and Address *(if different from beneficial owner listed above)*

_____

**IF YOU FAIL TO SUBMIT A COMPLETE CLAIM SO THAT IT IS RECEIVED BY
THE CLAIMS ADMINISTRATOR ON OR BEFORE AUGUST 28, 2008, YOUR CLAIM
MAY BE SUBJECT TO REJECTION, OR YOUR PAYMENT MAY BE DELAYED.**

DETACH HERE





## SECTION C – SECURITIES TRANSACTIONS

**SCHEDULE OF TRANSACTIONS IN VERITAS COMMON STOCK**

A. State the total number of shares of Veritas **common stock** owned at the close of trading on April 22, 2003, long or short *(must be documented)* : _____

B. Separately list each and every **purchase** of Veritas **common stock** during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date<br>*(list chronologically)*<br>Month/Day/Year | Number of Shares Purchased | Price per Share<br>*(excluding commissions,<br>taxes and fees)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

C. Separately list each and every **sale** of Veritas **common stock** during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date<br>*(list chronologically)*<br>Month/Day/Year | Number of Shares Sold | Price per Share<br>*(excluding commissions,<br>taxes and fees)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

D. State the total number of shares of Veritas **common stock** owned at the close of trading on July 2, 2004, long or short *(must be documented)*: _____

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

*Schedule of transactions in Veritas option contracts and notes appears on the following pages.*

**DETACH HERE**



20

**SCHEDULE OF TRANSACTIONS IN VERITAS CALL AND PUT OPTIONS**

A. State the total number of Veritas **call/put option contracts** owned at the close of trading on April 22, 2003, long or short *(must be documented)*:

| Type of Option Contract | Exp. Date & Strike Price | Number of Option Contracts |
|---|---|---|
|  |  |  |
|  |  |  |

B. Separately list each and every **purchase** of Veritas **call option contracts** to open a new position during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Purchased | Price per Contract *(excluding commissions, taxes and fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C. Separately list each and every **sale** of Veritas **call option contracts** indicated above during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Sold | Price per Contract *(excluding commissions, taxes and fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D. Separately list each and every **sale** of Veritas **call option contracts** that were made to open a new position during the period June 2, 2004 through July 2, 2004, which remained in a short position as of the close of trading on July 2, 2004, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Sold | Price per Contract *(excluding commissions, taxes and fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

DETACH HERE





E.  Separately list each and every **sale** of Veritas **put option contracts** to open a new position during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Sold | Price per Contract *(excluding commissions, taxes and fees)* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

F.  Separately list each and every **repurchase** of Veritas **put option contracts** indicated above during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Exp. Date & Strike Price | Number of Contracts Repurchased | Price per Contract *(excluding commissions, taxes and fees)* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

G.  Separately list each and every **purchase** of Veritas **put option contracts** that were made to open a new position during the period June 2, 2004 **through** July 2, 2004, which remained in a long position as of the close of trading on July 2, 2004, and provide the following information *(must be documented)*:

| Type of Option Contract | Exp. Date & Strike Price | Number of Option Contracts |
|---|---|---|
| | | |
| | | |

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

DETACH HERE





## SCHEDULE OF TRANSACTIONS IN VERITAS SUBORDINATE NOTES

A. State the total number of Veritas **subordinate notes** owned at the close of trading on April 22, 2003, long or short *(must be documented)*:

| Type of Note | Face Value |
|---|---|
|  |  |
|  |  |

B. Separately list each and every **purchase** of Veritas **subordinate notes** during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Type of Note | Face Value | Price as % of Face Value *(excluding commissions, taxes and fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C. Separately list each and every **sale** of Veritas **subordinate notes** during the period April 23, 2003 **through** July 2, 2004 and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Type of Note | Face Value | Price as % of Face Value *(excluding commissions, taxes and fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D. State the total number of Veritas **subordinate notes** owned at the close of trading on July 2, 2004, long or short *(must be documented)*:

| Type of Note | Face Value |
|---|---|
|  |  |
|  |  |

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST READ THE RELEASE AND SIGN ON PAGE 25**





### SECTION D – RELEASE AND SIGNATURE

#### 1. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I/We submit this Proof of Claim under the terms of the Stipulation dated as of April 8, 2008. I/We also submit to the jurisdiction of the United States District Court for the District of Delaware, with respect to my/our claim as a Class Member (as defined in the Stipulation) and for purposes of enforcing the release set forth herein. I/We further acknowledge that I am/we are bound by and subject to the terms of any judgment that may be entered in this Litigation. I/We agree to furnish additional information to Lead Plaintiffs' Counsel to support this claim if required to do so. I/We have not submitted any other claim covering the same purchases, acquisitions or sales of Veritas securities during the Class Period and know of no other Person (as defined in the Stipulation) having done so on my/our behalf.

#### 2. RELEASE

a.  I /We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Persons from any and all Released Claims, including Unknown Claims.

b.  The terms used in this Release are defined below:

i.  "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Class Member against Defendants or their Related Parties in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, any action or omission or failure to act which was alleged or could have been alleged in the Litigation.

ii.  "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

iii.  "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.

iv.  "Released Persons" means the Defendants and their respective Related Parties.

c.  This Release shall be of no force and effect unless and until the Court approves the Stipulation of Settlement (the "Settlement Stipulation") and the Settlement Stipulation becomes effective as to all Released Persons as of the Effective Date (as defined in the Settlement Stipulation).





I/We declare under penalty of perjury, under the laws of the United States of America, that the foregoing information supplied by the undersigned and the supporting documents attached hereto, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim and Release form was executed this _____ day of _____, 2008 in _____, _____.

  (City)                    (State/Country)

_____

Signature of Claimant

_____

(Print your name here)

_____

Signature of Joint Claimant, if any

_____

(Print your name here)

_____

Signature of person signing on behalf of Claimant

_____

(Print your name here)

_____

Capacity of person signing on behalf of Claimant,
if other than an individual, (*e.g.,* Executor,
President, Custodian, etc.)

**SEE REMINDER CHECKLIST ON THE FOLLOWING PAGE**



DETACH HERE

25



**Reminder Checklist**

1. Remember to sign the above Release and Declaration.

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the website below.

3. Keep a copy of the completed claim form and documentation for your records.

4. If you want an acknowledgment of the receipt of your claim form, please send it by Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

5. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send the Claims Administrator **written** notification of your new address.

6. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

Veritas Software Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Phone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonclaims.com

**DETACH HERE**

