# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE VERITAS SOFTWARE CORP. | : | Case No: 04-CV-831 (SLR) |
| SECURITIES LITIGATION | : | Consolidated Action |
| | : | |
| | : | |
| | : | |
| | : | |
| This Document Relates to: | : | |
| | : | |
| ALL ACTIONS | : | |
| | : | |

## AFFIDAVIT OF IRA A. SCHOCHET ON BEHALF OF
## LABATON SUCHAROW LLP IN SUPPORT OF
## JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS

STATE OF NEW YORK      )
                            ) ss.:
COUNTY OF NEW YORK  )

IRA A. SCHOCHET, being duly sworn, deposes and says:

1.      I am a member of the firm of Labaton Sucharow LLP, co-lead counsel for

plaintiffs in this securities class action brought against Veritas Software Corp. ("Veritas") and

certain of its directors and officers. I submit this affidavit in support of plaintiffs' application for

an award of attorneys' fees and reimbursement of expenses incurred during this litigation.

2.      The schedule attached hereto as Exhibit A is a detailed summary of the amount of

time spent by the professionals of this firm on the litigation, at current rates. These hourly rates

are the rates charged in all matters. The schedule includes the name of each attorney and

professional support staff who worked on the case, their hourly billing rates, and the numbers of

hours expended on this matter. The schedule was prepared from contemporaneous daily time records maintained by my firm.

3.      As co-lead counsel, the attorneys and professional support staff of my firm were directly involved in all aspects of the prosecution of this action from inception to the present. Our involvement included, but was not limited to: assisted in the drafting and preparation of the amended complaint; conducted legal research concerning defendants' motion to dismiss; drafted plaintiffs' opposition to defendants' motion to dismiss; drafted plaintiffs' omnibus request for production of documents; drafted plaintiffs' initial disclosures; reviewed and analyzed documents produced by defendants and certain third parties; discussions and other communications with co-counsel concerning litigation status and strategy; assisted in the drafting and preparation of plaintiffs' joint mediation statements and responsive mediation submissions; prepared for and participated in multiple mediation sessions and conference calls with the parties' mediator, Jonathan Marks; conducted extensive additional discovery to confirm the fairness, reasonableness and adequacy of the settlement, including conducting the interviews of the former director of internal audit and the former director of revenue and participating in the interviews of defendants Gary Bloom and Edward Gillis, among others; drafted the stipulation of settlement and exhibits relating thereto; discussions and other communications with co-counsel concerning the plan of allocation, notice to the class and settlement administration; and drafted the memorandum of law in support of plaintiffs' motion for final approval and assisted in the preparation of all accompanying documents.

4.      With respect to the standing of counsel in this action, attached hereto as Exhibit B is a brief biography of my firm and the firm's attorneys who worked on this litigation.

2

5.    As shown by Exhibit A, the total number of hours spent on this litigation by my firm was 1,766.9 hours. The total lodestar amount for my firm is \$883,181.50.

6.    As detailed in Exhibit C, my firm has incurred a total of \$93,915.80 in unreimbursed expenses in connection with the prosecution of this action.

7.    The expenses incurred in the prosecution of this case are reflected on the books and records of this firm. These books and records are prepared from expense vouchers and check records and are accurate regarding all expenses incurred.

**IRA A. SCHOCHET**

Sworn to before me this
18th day of July, 2008

Notary Public

DAVID J. GOLDSMITH
NOTARY PUBLIC, State of New York
No. 02GO6008463
Qualified in New York County
Commission Expires 06/08/2069.

3

*In Re Veritas Software Corp. Securities Litigation*
**LABATON SUCHAROW LLP**
**Time Report**

| Name | | Total Hours | Rate | Lodestar |
|------|------|------|------|------|
| Sucharow, L. | (P) | 2.2 | $825.00 | $ 1,815.00 |
| Bernstein, J. | (P) | 9.2 | 800.00 | 7,360.00 |
| Plasse, J. | (P) | 1.9 | 800.00 | 1,520.00 |
| Schochet, I. | (P) | 277.7 | 725.00 | 201,332.50 |
| Keller, C. | (P) | 23.8 | 700.00 | 16,660.00 |
| Goldsmith, D. | (OC) | 408.9 | 550.00 | 224,895.00 |
| Zeiss, N. | (OC) | 11.4 | 550.00 | 6,270.00 |
| Scarlato, P. | (OC) | 61.5 | 525.00 | 32,287.50 |
| Rittenhouse, C. | (OC) | 48.7 | 325.00 | 15,827.50 |
| Tountas, S. | (A) | 418.1 | 450.00 | 188,145.00 |
| Brueggen, P. | (A) | 127.5 | 450.00 | 57,375.00 |
| Richardson, S. | (A) | 112.4 | 450.00 | 50,580.00 |
| Thompson, S. | (A) | 41.7 | 375.00 | 15,637.50 |
| Levitt, A. | (A) | 40.6 | 350.00 | 14,210.00 |
| Schachter, E. | (A) | 125.5 | 275.00 | 34,512.50 |
| Gumeny, A. | (I) | 4.0 | 400.00 | 1,600.00 |
| Malonzo, F. | (PL) | 31.9 | 290.00 | 9,251.00 |
| Chan, C. | (PL) | 10.2 | 240.00 | 2,448.00 |
| Bernard, B. | (PL) | 9.7 | 150.00 | 1,455.00 |
| | | | | |
| **TOTAL:** | | **1,766.9** | | **$ 883,181.50** |

Partner      (P)
Of Counsel  (OC)
Associate    (A)
Investigator (I)
Paralegal    (PL)

**EXHIBIT A**

# Labaton
# Sucharow

# **LABATON SUCHAROW LLP**

## **INVESTOR PROTECTION LITIGATION**

**EXHIBIT B**

# THE FIRM AND ITS ACHIEVEMENTS

## Table of Contents

OVERVIEW ...................................................................................................................... 1

CORPORATE GOVERNANCE ........................................................................................ 2

NOTABLE LEAD COUNSEL APPOINTMENTS ......................................................... 5

TRIAL EXPERIENCE ....................................................................................................... 6

NOTABLE SUCCESSES .................................................................................................... 7

NOTABLE SUCCESSES IN OPTIONS BACKDATING CASES ............................................. 13

COMMENTS ABOUT OUR FIRM BY THE COURTS .............................................................. 15

*PRO BONO* ACTIVITIES ...................................................................................................... 17

ATTORNEYS ........................................................................................................................... 17

    IRA A. SCHOCHET, PARTNER ................................................................................. 17

    CHRISTOPHER J. KELLER, PARTNER ..................................................................... 18

    DAVID J. GOLDSMITH, OF COUNSEL ..................................................................... 19

    STEPHEN W. TOUNTAS, ASSOCIATE ...................................................................... 21

    PETER W. BRUEGGEN, ASSOCIATE ......................................................................... 22

    SERENA RICHARDSON, ASSOCIATE ......................................................................... 23

Founded in 1963, Labaton Sucharow LLP ("Labaton Sucharow") is an internationally respected law firm based in New York City and has relationships throughout the U.S., Europe and the world. The Firm consists of more than 60 attorneys and a professional support staff that includes certified public accountants, licensed private investigators, resident securities analysts and 17 paralegals. The Firm prosecutes major complex litigation in the United States, and has successfully conducted a wide array of representative actions (principally class, mass and derivative) in the areas of securities, antitrust, merger/ acquisition, limited partnership, ERISA, product liability, and consumer litigation. Labaton Sucharow's Investor Protection Litigation Group offers comprehensive services for our institutional investor clients and has recovered, through trial and settlement, more than $3 billion for the benefit of investors who have been victimized by such diverse schemes as stock price manipulation, mismanagement, and fraudulent offerings of securities. Through its efforts, the litigation group has also obtained meaningful corporate governance reforms to minimize the likelihood of repetitive wrongful conduct. Visit our website at **www.labaton.com** for more information about our dynamic firm.

## CORPORATE GOVERNANCE

Labaton Sucharow is committed to corporate governance reform. The Firm is a patron of the John L. Weinberg Center for Corporate Governance of the University of Delaware ("The Center"). The Center provides a forum for business leaders, directors of corporate boards, the legal community, academics, practitioners, graduate and undergraduate students, and others interested in corporate governance issues to meet and exchange ideas. One of Labaton Sucharow's senior partners, Edward Labaton, is a member of the Advisory Committee of The Center. Additionally, Mr. Labaton has for more than 10 years served as a member of the Program Planning Committee for the annual ALI-ABA Corporate Governance Institute, and serves on the Task Force on the Role of Lawyers in Corporate Governance of the Association of the Bar of the City of New York.

On behalf of its institutional and individual investor clients, Labaton Sucharow has achieved some of the largest precedent-setting settlements since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and has helped avert future instances of securities fraud by negotiating substantial corporate governance reforms as conditions of many of its largest settlements.

Because of the depth of their experience and deep commitment to the principles of corporate governance, many Labaton Sucharow partners have served as featured speakers on topics relating to corporate governance and reform at various symposia and lectures.

As a result of Labaton Sucharow's extensive experience and commitment to corporate governance reform, the Firm's clients have secured meaningful reforms, in addition to substantial monetary recoveries, in significant settlements such as:

- *In re Waste Management, Inc. Securities Litigation*, Civ. No. H-99-2183
  (S.D. Tex.): Labaton Sucharow, acting as Lead Counsel for the State of
  Connecticut Retirement Plans & Trust Funds, caused the Company to present a
  binding resolution to declassify its board of directors, which was approved by its
  shareholders. As a consequence of Labaton Sucharow's efforts, the Company
  further agreed to amend its Audit Committee charter, which led to its enhanced
  effectiveness.

- *In re Vesta Insurance Group Securities Litigation*, Civ. No. CV-98-W-
  1407-S (N.D. Ala.): Labaton Sucharow, acting as Lead Counsel for the Florida
  State Board of Administration, caused the Company to adopt provisions requiring
  that: (i) a majority of its Board members be independent; (ii) at least one
  independent director be experienced in corporate governance; (iii) the audit,
  nominating and compensation committees be comprised entirely of independent
  directors; and (iv) the audit committee comply with the recommendations of the
  Blue Ribbon Panel on the effectiveness of audit committees.

- *In re Orbital Sciences Corporation Securities Litigation*, Civ. No. 99-197-A
  (E.D. Va.): Labaton Sucharow, acting as Lead Counsel for the New York City
  Pension Funds, negotiated the implementation of measures concerning the
  Company's quarterly review of its financial results, the composition, role and
  responsibilities of its Audit and Finance committee, and the adoption of a Board
  resolution providing guidelines regarding senior executives' exercise and sale of
  vested stock options.

- ***In re Bristol-Myers Squibb Securities Litigation***, Civ. No. 00-1990 (D.N.J.):
  Labaton Sucharow, acting as Lead Counsel for the LongView Collective
  Investment Fund of the Amalgamated Bank, negotiated noteworthy corporate
  governance reforms. Bristol-Myers Squibb ("BMS") has agreed to publicly
  disclose the following information concerning all of its drugs marketed for at least
  one indication: a description of the clinical study design and methodology; results
  of the clinical trials; and safety results, including the reporting of adverse events
  seen during the clinical trials. The disclosures will be posted on BMS's website,
  *www.BMS.com*, as well as an industry website, *www.clinicalstudyresults.org*.
  BMS has agreed to post these disclosures for a 10-year period following approval
  of the settlement, and has further agreed that any modifications to the disclosure
  protocol must be approved by the Court, at the request of Labaton Sucharow as
  Lead Counsel, unless the modifications increase the scope of the disclosures. The
  corporate reform measures obtained in this case exceed the scope of reforms
  obtained by the New York State Attorney General's office in the settlement of an
  action against GlaxoSmithKline ("GSK") arising from the sale of Paxil, an
  antidepressant. The Paxil settlement is limited to drugs sold in the United States,
  whereas as a result of the BMS settlement, the company must post the clinical
  trial results of drugs marketed in any country throughout the world.

- ***The Boeing Company,*** Civ. No. 03 CH 15039 and Civ. No. 03 CH 16301
  (Cook Co., Ill, Ch. Div.): In 2006, Labaton Sucharow, acting as Lead Counsel for
  Plaintiffs in a derivative class action against the directors of The Boeing Company
  ("Boeing"), achieved a landmark settlement establishing unique and far-reaching

corporate governance standards relating to ethics compliance, provisions that obligated Boeing to contribute significant funds over and above base compliance spending to implement the various prescribed initiatives. The terms were well designed to provide for early detection and prevention of corporate misconduct. They were comprehensive and integrated, enhancing effectiveness by providing for top-down oversight, direction and planning; and buttressed by extensive and coordinated bottom-up and horizontal reporting. They were also designed to enhance Board independence and effectiveness and, by creating a direct reporting role to the Board, the independence of the management level oversight functions.

## NOTABLE LEAD COUNSEL APPOINTMENTS

Labaton Sucharow's institutional and individual investor clients are regularly appointed by federal courts to serve as lead plaintiffs in prominent securities litigations brought under the PSLRA. Since January 2003, dozens of state, city and county public pension funds and union funds have selected Labaton Sucharow to represent them in federal securities class actions and advise them as securities litigation/investigation counsel. Listed below are a few of our current notable Lead Counsel appointments.

*IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION,*
*No. 04 Civ. 8141 (JES) (S.D.N.Y.)*

Representing the State of Ohio as Lead Plaintiff

*IN RE HEALTHSOUTH CORPORATION SECURITIES LITIGATION,*
*Consolidated Case No. CV-03-BE-1501-S (N.D. Ala.)*

Representing New Mexico State Investment Counsel,
the Educational Retirement Board of New Mexico,
and the State of Michigan Retirement System
as Co-Lead Plaintiffs

- 5 -

*IN RE AMGEN INC. SECURITIES LITIGATION*
*NO. CV 07-2356 PSG (C.D. CAL.)*

Representing Connecticut Retirement Plans and Trust Funds

*IN RE COUNTRYWIDE SECURITIES LITIGATION*
*NO. C 07-5295 MRP (MANX) (C.D. CAL.)*

Representing the State of New York and the New York City Pension Funds

*BROADCOM SECURITIES LITIGATION*
*NO. CV-05036-R (C.D. CAL.)*

Representing the New Mexico State Investment Council

## TRIAL EXPERIENCE

Few securities class action cases go to trial. But when it is in the best interests of its clients and the class, Labaton Sucharow repeatedly has demonstrated its willingness and ability to try these complex securities cases before a jury.

Labaton Sucharow's recognized willingness and ability to bring cases to trial significantly increases the ultimate settlement value for shareholders. For example, in *In re Real Estate Associates Limited Partnership Litigation*, when defendants were unwilling to settle for an amount Labaton Sucharow and its clients viewed as fair, we tried the case with co-counsel for six weeks and obtained a landmark $184 million jury verdict in November 2002. The jury supported plaintiffs' position that defendants knowingly violated the federal securities laws, and that the general partner had breached his fiduciary duties to plaintiffs. The $184 million award was one of the largest jury verdicts returned in any PSLRA action and one in which the plaintiff class, consisting of 18,000 investors, recovered 100% of their damages.

- 6 -

## NOTABLE SUCCESSES

Labaton Sucharow has achieved notable successes in major securities litigations on behalf of its clients and certified investor classes.

- Labaton Sucharow served as Lead Counsel to the Connecticut Retirement Plans and Trust Funds in *In re Waste Management, Inc. Securities Litigation*, Civ. No. H-99-2183 (S.D. Tex.). In 2002, Judge Melinda Harmon approved an extraordinary settlement that provided for recovery of $457 million in cash, plus an array of far-reaching corporate governance measures. At that time, this settlement was the largest common fund settlement of a securities action achieved in any court within the Fifth Circuit and the third-largest achieved in any federal court in the nation. Judge Harmon noted, among other things, that Labaton Sucharow "obtained an outstanding result by virtue of the quality of the work and vigorous representation of the Class."

- Labaton Sucharow served as Lead Counsel representing the class and Lead Plaintiff, the LongView Collective Investment Fund of the Amalgamated Bank, in *In re Bristol-Myers Squibb Securities Litigation*, Civ. No. 00-1990 (D.N.J.). After prosecuting securities fraud claims against BMS for more than five years, Labaton Sucharow reached an agreement to settle the claims for $185 million and significant corporate governance reforms. This settlement is the second largest recovery against a pharmaceutical company, and it is the largest recovery ever obtained against a pharmaceutical company in a securities fraud case involving the development of a new drug. Moreover, the settlement is the largest ever

- 7 -

obtained against a pharmaceutical company in a securities fraud case that did not involve a restatement of financial results.

- Labaton Sucharow represented the Florida State Board of Administration as Lead Plaintiff in *In re Vesta Insurance Group, Inc. Securities Litigation*, Civ. No. CV-98-AR-1407 (N.D. Ala.). After years of protracted litigation, Labaton Sucharow secured a settlement of $78 million on the eve of trial.

- In *Abrams v. VanKampen Funds, Inc.*, 01 C 7538 (N.D. Ill.), in January 2006 Labaton Sucharow obtained final approval of a $31.5 million settlement in an innovative class action concerning VanKampen's senior loan mutual fund, alleging that the fund overpriced certain senior loan interests where market quotations were readily available. The gross settlement fund constitutes a recovery of about 70% of the class's damages as determined by plaintiffs' counsel.

- Labaton Sucharow represented the named New York City pension funds as Lead Plaintiff in *In re Orbital Sciences Corp. Securities Litigation*, Civ. No. 99-197-A (E.D. Va.). After cross-motions for summary judgment were fully briefed, defendants (and Orbital's auditor in a related proceeding) agreed to a $23.5 million cash settlement, warrants, and substantial corporate governance measures.

- In *In re CapRock Communications Corp. Securities Litigation*, Civ. No. 3-00-CV-1613-R (N.D. Tex.), Labaton Sucharow represented a prominent Louisiana-based investment adviser in claims alleging violations of the federal securities laws. The case settled for $11 million in 2003.

- In the well-known *In re Prudential Securities Inc. Limited Partnership Litigation*, Civ. No. M-21-67 (S.D.N.Y.), the late Judge Milton Pollack cited the "Herculean" efforts of Labaton Sucharow and its Co-Lead Counsel and, in approving a $110 million partial settlement, stated that "this case represents a unique recovery – a recovery that does honor to every one of the lawyers on your side of the case."

- In *In re PaineWebber Limited Partnerships Litigation*, Master File No. 94 Civ. 832/7 (SHS) (S.D.N.Y.), Judge Sidney H. Stein approved a settlement valued at $200 million and found "that Class Counsel's representation of the Class has been of high caliber in conferences, in oral arguments and in work product."

- In *Rosengarten v. International Telephone & Telegraph Corp.*, Civ. No. 76-1249 (N.D.N.Y.), Judge Morris Lasker noted that the Firm "served the corporation and its stockholders with professional competence as well as admirable intelligence, imagination and tenacity."

- In *In re Prudential-Bache Energy Income Partnerships Securities Litigation*, MDL No. 888, an action in which Labaton Sucharow served on the Executive Committee of Plaintiffs' Counsel, Judge Marcel Livaudais, Jr., of the United States District Court for the Eastern District of Louisiana, observed that:

    Counsel were all experienced, possessed high professional reputations and were known for their abilities. Their cooperative effort in efficiently bringing this litigation to a successful conclusion is the best indicator of their experience and ability . . . .

    The Executive Committee is comprised of law firms with national reputations in the prosecution of securities class action and derivative litigation. The biographical summaries submitted by each member of the Executive Committee attest to the

> accumulated experience and record of success these firms have
> compiled.

- In *In re Adelphia Communications Corp. Securities & Derivative
  Litigation*, Civ. No. 03 MD 1529 (LMM) (S.D.N.Y.), Labaton Sucharow
  represents the New York City Employees' Retirement System (and certain other
  New York City pension funds) and the Division of Investment of the New Jersey
  Department of the Treasury in separate individual actions against Adelphia's
  officers, auditors, underwriters, and lawyers. To date, Labaton Sucharow has
  fully resolved certain of the claims brought by New Jersey and New York City for
  amounts that significantly exceed the percentage of damages recovered by the
  Class. New Jersey and New York City continue to prosecute their claims against
  the remaining defendants.

- In *STI Classic Funds v. Bollinger Industries, Inc.*, No. 96-CV-0823-R (N.D.
  Tex.), Labaton Sucharow commenced related suits in both state and federal courts
  in Texas on behalf of STI Classic Funds and STI Classic Sunbelt Equity Fund,
  affiliates of the SunTrust Bank, the fifth-largest bank in the United States. As a
  result of Labaton Sucharow's efforts, the class of Bollinger Industries, Inc.
  investors on whose behalf the bank sued obtained the maximum recovery possible
  from the individual defendants and a substantial recovery from the underwriter
  defendants. Notwithstanding a strongly unfavorable trend in the law in the State
  of Texas, and strong opposition by the remaining accountant firm defendant,
  Labaton Sucharow has obtained class certification and continues to prosecute the
  case against that firm.

- 10 -

- In *In re Just for Feet Noteholder Litigation*, Civ. No. CV-00-C-1404-S (N.D.
  Ala.), Labaton Sucharow, as Lead Counsel, represents Lead Plaintiff Delaware
  Management and the Aid Association for Lutherans with respect to claims
  brought on behalf of noteholders. On October 21, 2005, Chief Judge Clemon of
  the U.S. District Court for the Northern District of Alabama preliminarily
  approved Plaintiffs' settlement with Banc of America Securities LLC, the sole
  remaining defendant in the case, for $17.75 million. During the course of the
  litigation, Labaton Sucharow obtained certification for a class of corporate bond
  purchasers in a ground-breaking decision, *AAL High Yield Bond Fund v.
  Ruttenberg*, 229 F.R.D. 676 (N.D. Ala. 2005), which is the first decision by a
  federal court to explicitly hold that the market for high-yield bonds such as those
  at issue in the action was efficient.

- In *In re InterMune Securities Litigation*, Master File No. 03-2454 SI (N.D.
  Cal. 2005), Labaton Sucharow commenced an action on behalf of its client, a
  substantial investor, against InterMune, a biopharmaceutical firm, and certain of
  its officers, alleging securities fraud in connection with InterMune's sales and
  marketing of a drug for off-label purposes. Notwithstanding higher pleading and
  proof standards in the jurisdiction in which the action had been filed, Labaton
  Sucharow utilized its substantial investigative resources and creative alternative
  theories of liability to successfully obtain an early, pre-discovery settlement of
  $10.4 million. The Court complimented Labaton Sucharow on its ability to obtain
  a substantial benefit for the Class in such an effective manner.

- 11 -

- In *In re St. Paul Travelers Securities Litigation*, 04-CV-3801 (D. Minn.),
  Labaton Sucharow was able to successfully negotiate the creation of an all cash
  settlement fund to compensate investors in the amount of $67.5 million in
  November 2005. This settlement represents the third-largest securities class action
  settlement in the Eighth Circuit and one of the top 100 largest settlements of all
  time.

- In *In re El Paso Corporation Securities Litigation*, Civ. No. H-02-2717 (S.D.
  Tex.), Labaton Sucharow secured a $285 million class action settlement against the
  El Paso Corporation. The case involved a securities fraud stemming from the
  Company's inflated earnings statements, which cost shareholders hundreds of
  millions of dollars during a four-year span. The settlement was approved by the
  Court on March 6, 2007.

- Labaton Sucharow serves as Co-Lead Counsel in *In re HealthSouth Securities
  Litigation*, Civ. No CV-03-BE-1500-S (N.D. Ala.), a case stemming from the
  largest fraud ever perpetrated in the healthcare industry. In early 2006, Lead
  Plaintiffs negotiated a settlement of $445 million with defendant HealthSouth.
  This partial settlement, comprised of cash and HealthSouth securities to be
  distributed to the class, is one of the largest in history. Lead Plaintiffs continue
  their prosecution of the litigation against Richard Scrushy, Healthsouth's former
  CEO, Ernst & Young, and UBS, among others.

- In *Desert Orchid Partners, L.L.C. v. Transactions Systems Architects, Inc.*,
  Civ. No. 02 CV 533 (D. Neb.), Labaton Sucharow represented the Genesee
  Employees' Retirement System as Lead Plaintiff in claims alleging violations of

the federal securities laws. On March 2, 2007, the Court granted final approval to
the settlement of this action for $24.5 million in cash.

- In *In re SupportSoft Securities Litigation*, Civ. No. C 04-5222 SI (N.D. Cal.),
  Labaton Sucharow secured a $10.7 million settlement on October 2, 2007 against
  SupportSoft, Inc. The action alleged that the defendants had artificially inflated the
  price of the Company's securities by re-working previously entered into license
  agreements for the Company's software in order to accelerate the recognition of
  revenue from those contracts.

- *In re St. Paul Traveler's II Securities Litigation*, Civ. No. 04-4697 (JRT/FLN)
  (D. Minn.), the second of two cases filed against St. Paul Travelers by Labaton
  Sucharow LLP, arose from the industry-wide insurance scandal involving
  American International Group, Marsh McClennan, the St. Paul Companies and
  numerous other insurance providers and brokers. On January 31, 2008, the Court
  preliminary approved a $77 million settlement.

## NOTABLE SUCCESSES IN OPTIONS BACKDATING CASES

- In *In re Mercury Interactive Corp. Securities Litigation*, Civ. No. 5:05-CV-3395
  (N.D. Cal.), Labaton Sucharow reached an agreement to settle for $117.5 million, a
  figure representing one of the largest known settlements or judgments in an options
  backdating suit. The allegations in *Mercury* concern backdated option grants used
  to compensate employees and officers of the Company. Mercury's former CEO,
  CFO, and General Counsel actively participated in and benefited from the options
  backdating scheme, which came at the expense of Mercury shareholders and the

- 13 -

investing public. Labaton Sucharow and Hewlett-Packard's counsel executed a
Stipulation of Settlement and the Court granted preliminary approval of the
settlement on June 2, 2008.

- In *In re American Tower Corporation Securities Litigation*, Civ. No. 06 CV
  10933 (MLW) (D. Mass.), Labaton Sucharow represented the Steamship Trade
  Association-International Longshoreman's Association Pension Fund (STA-ILA)
  in claims alleging that certain of American Tower Corporation's current and
  former officers and directors improperly backdated the Company's stock option
  grants and made materially false and misleading statements to the public
  concerning the Company's financial results and option grant policies and
  accounting, causing damages to investors. On December 14, 2007, Labaton
  Sucharow reached an agreement to settle for $14 million.

- Labaton Sucharow serves as Lead Counsel in *In re HCC Insurance Holdings, Inc.
  Securities Litigation*, Civ. No. 4:07-cv-801 (S.D. Tex.), a case alleging that certain
  of HCC's current and former officers and directors improperly backdated the
  Company's stock option grants and made materially false and misleading
  statements to the public concerning the Company's financial results and option
  grant policies and accounting, causing damages to investors. On February 11,
  2008, Labaton Sucharow reached an agreement to settle for $10 million.

Among the institutional investor clients Labaton Sucharow represents and advises are:

Academy Capital Management
Arkansas Carpenters Pension Fund
Asbestos Workers Local 24
Baltimore County Retirement System

- 14 -

State-Boston Retirement System

California Public Employees' Retirement System

Central Laborers' Pension Fund

Connecticut Retirement Plans and Trust Funds

Genesse County Employees' Retirement System

Iron Workers Local 16

Town of Jupiter Police Officer's Retirement Fund

Lawndale Capital Management

LongView Collective Investment Fund of the Amalgamated Bank

City of Macon

Commonwealth of Massachusetts Pension Reserves Investment Trust

Metropolitan Atlanta Rapid Transit Authority

Michigan Retirement Systems

Mississippi Public Employees' Retirement System

Division of Investment of the New Jersey Department of the Treasury

Office of the New Mexico Attorney General and several of its Retirement Systems

City of New Orleans Employees' Retirement System

Norfolk County Retirement System

Office of the Ohio Attorney General and several of its Retirement Systems

Pirate Capital LLC

Robino Stortini Holdings LLC

San Francisco Employees' Retirement System

St. Denis J. Villere & Co.

Steamship Trade Association/International Longshoremen's Association

SunTrust Banks, Inc.

## COMMENTS ABOUT OUR FIRM BY THE COURTS

Many federal judges have commented favorably on the Firm's expertise and results achieved in securities class action litigation. Judge John E. Sprizzo complimented the Firm's work in *In re Revlon Pension Plan Litigation*, Civ. No. 91-4996 (JES) (S.D.N.Y.). In granting final approval to the settlement, Judge Sprizzo stated that "[t]he recovery is all they could have

gotten if they had been successful. I have probably never seen a better result for the class than you have gotten here."

Labaton Sucharow was a member of the Executive Committee of Plaintiffs' Counsel in *In re PaineWebber Limited Partnerships Litigation*, Master File No. 94 Civ. 8547 (SHS). In approving a class-wide settlement valued at $200 million, Judge Sidney H. Stein of the Southern District of New York stated:

> The Court, having had the opportunity to observe first hand the quality of Class Counsel's representation during this litigation, finds that Class Counsel's representation of the Class has been of high caliber in conferences, in oral arguments and in work product.

Judge Lechner, presiding over the $15 million settlement in *In re Computron Software Inc. Securities Class Action Litigation*, Civ. No. 96-1911 (AJL) (D.N.J.), where Labaton Sucharow served as Co-Lead Counsel, commented that

> I think it's a terrific effort in all of the parties involved . . . , and the co-lead firms . . . I think just did a terrific job.
>
> You [co-lead counsel and] Mr. Plasse, just did terrific work in the case, in putting it all together . . . .

In *Middlesex County Retirement System v. Monster Worldwide, Inc.*, No. 07-cv-2237 (S.D.N.Y.), Judge Rakoff appointed Labaton Sucharow as Lead Counsel, stating that "the Labaton firm is very well known to courts for the excellence of its representation."

During a fairness hearing in the *In re American Tower Corporation Securities Litigation*, No. 06-CV-10933 (MLW) (D. Mass.), Chief Judge Mark L. Wolf stated:

> "[t]he attorneys have brought to this case considerable experience and skill as well as energy. Mr. Goldsmith has reminded me of that with his performance today and he maybe educated me to understand it better."

## *PRO BONO* ACTIVITIES

Our attorneys devote substantial time to *pro bono* activities. Many of our attorneys participated in the Election Protection Program sponsored in 2004 by the Lawyers Committee for Civil Rights Under the Law to ensure that every voter could vote and every vote would count. In addition, the Firm's attorneys devote their time to *pro bono* activities in the fields of the arts, foundations, education, and health and welfare issues.

## ATTORNEYS

Among the attorneys at Labaton Sucharow who were principally involved in this litigation are partners Ira A. Schochet, Christopher J. Keller, of counsel David J. Goldsmith; and associates Stephen W. Tountas, Peter W. Brueggen, and Serena Richardson. A short description of the qualifications and accomplishments of each follows.

---

### *IRA A. SCHOCHET, PARTNER*                     *ischochet@labaton.com*

Ira A. Schochet has 15 years' experience in commercial litigation, with primary emphasis on class actions involving securities fraud.

Mr. Schochet has played a leading role in litigation resulting in multimillion-dollar recoveries for class members in cases against Caterpillar, Inc., Spectrum Information Technologies, Inc. and InterMune, Inc. In *Kamarasy v. Coopers & Lybrand*, a securities fraud class action, Mr. Schochet led a team that won a settlement equal to approximately 75% of the highest possible damages that class members could have recovered. The Court in that case complimented him for "the superior quality of the representation provided to the class."

Mr. Schochet represented one of the first institutional investors acting as a Lead Plaintiff in a post-Private Securities Litigation Reform Act case, *STI Classic Funds v. Bollinger, Inc.*, and obtained one of the first favorable rulings interpreting that statute's intent provision.

Most recently, Mr. Schochet negotiated a settlement on behalf of investors in the *InterMune* litigation. In approving the settlement, the Court complimented Mr. Schochet's ability to obtain a significant cash benefit for the class in a very efficient manner, saving the class from additional years of time, expense and substantial risk.

Since 1996, Mr. Schochet has acted as chairman of the Class Action Committee of the Commercial and Federal Litigation Section of the New York State Bar Association. In that capacity, he has served on the Executive Committee of the Section and was the primary author of articles and reports on a wide variety of issues relating to class action procedure. Such issues include revisions to that procedure proposed over the years by both houses of the United States Congress and the Advisory Committee on Civil Procedure of the United States Judicial Conference. Examples include "Proposed Changes in Federal Class Action Procedure, Opting Out On Opting In," and "The Interstate Class Action Jurisdiction Act of 1999." He also has lectured extensively on securities litigation at continuing legal education seminars.

Mr. Schochet earned a J.D. from Duke University School of Law in 1981 and received a B.A., *summa cum laude*, from the State University of New York at Binghamton in 1977. He is admitted to practice in New York, before the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

### *CHRISTOPHER J. KELLER, PARTNER*                    *ckeller@labaton.com*

Christopher J. Keller concentrates his practice in sophisticated securities class action litigation in federal courts throughout the country. Mr. Keller was a member of the trial team

that successfully litigated the *In re Real Estate Associates Limited Partnership Litigation* in the United States District Court for the Central District of California. The six-week jury trial resulted in a landmark $184 million plaintiffs' verdict, which is one of the largest jury verdicts since the passage of the Private Securities Litigation Reform Act of 1995. Most recently, he was instrumental in securing a $117.5 million settlement in *In re Mercury Interactive Securities Litigation*, which is currently the second larges settlement to date in an options backdating class action.

Mr. Keller is very active in investigating and initiating securities and shareholder class actions. He also concentrates his efforts on educating institutional investors on developing trends in the law and new case theories. Mr. Keller is a regular speaker at institutional investor gatherings as well as a frequent speaker at continuing legal education seminars relating to securities class action litigation.

Mr. Keller is the co-author of an article entitled "Tellabs: PSLRA Pleading Test Comparative, Not Absolute," *New York Law Journal*, October 3, 2007.

Mr. Keller received a B.S. from Adelphi University in 1993 and a J.D. from St. John's University School of Law in 1997. He is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York. He is a member of several professional groups, including the New York State Bar Association and the New York County Lawyers' Association.

### DAVID J. GOLDSMITH, OF COUNSEL        dgoldsmith@labaton.com

David J. Goldsmith represents institutional and individual investors in securities fraud and corporate governance litigation, and has achieved substantial recoveries for the Firm's clients and certified investor classes.

- 19 -

Mr. Goldsmith has played a key role in many high-profile securities litigations, including a series of cases alleging that mutual funds sold by Van Kampen, Morgan Stanley and Eaton Vance defrauded investors by overpricing senior loan interests. Mr. Goldsmith was instrumental in obtaining a decision in one of these actions, excluding before trial certain opinions of a nationally recognized economist who regularly serves as a defense expert in such cases.

Mr. Goldsmith currently represents plaintiffs in numerous securities litigations, including an action brought on behalf of the Genesee County (Mich.) Employees' Retirement System as Lead Plaintiff against Transaction Systems Architects, Inc., premised on a restatement of previously reported financial results. Recently, Mr. Goldsmith assisted in achieving a substantial settlement in a securities class action against former officers and directors of Metromedia Fiber Network, Inc.

Mr. Goldsmith also assisted in the representation of a number of state pension funds as Lead Plaintiff in the *Waste Management* securities litigation. In 2002, the Court approved a settlement of $457 million, the third-largest common fund settlement ever achieved up to that time. Mr. Goldsmith was a member of the Firm's Lead Counsel team representing several New York City pension funds in a class action against Orbital Sciences Corporation, which resulted in a $22.5 million settlement on the eve of trial. In 2001, Mr. Goldsmith obtained one of the earliest decisions finding that a class action had been improperly removed under the Securities Litigation Uniform Standards Act of 1998.

Mr. Goldsmith frequently lectures on class actions and securities litigation for continuing legal education programs and investment symposia. He is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and New York County Lawyers' Association.

Mr. Goldsmith earned B.A. and M.A. degrees from the University of Pennsylvania. He received a J.D. from the Benjamin N. Cardozo School of Law, where he was managing editor of the *Cardozo Arts & Entertainment Law Journal*. During law school, Mr. Goldsmith served as a judicial intern to the Honorable Michael B. Mukasey, United States District Judge for the Southern District of New York.

He is admitted to practice in New York and New Jersey and before the following federal courts: the United States Courts of Appeals for the First, Second, Fifth and Eighth Circuits; the United States District Court for the District of New Jersey; and the United States District Courts for the Southern and Eastern Districts of New York.

| STEPHEN W. TOUNTAS, ASSOCIATE | stountas@labaton.com |
|---|---|

Stephen W. Tountas concentrates his practice in the area of securities class action litigation. Since joining Labaton Sucharow, Mr. Tountas has been responsible for prosecuting several of the Firm's options backdating cases, including *In re HCC Insurance Holdings, Inc. Securities Litigation* and *In re American Tower Corp. Securities Litigation*. Among other matters, Mr. Tountas is also a member of the team responsible for prosecuting *In re Celestica Inc. Securities Litigation*.

Prior to joining Labaton Sucharow, Mr. Tountas practiced securities litigation at Bernstein Litowitz Berger & Grossmann LLP, where he prosecuted securities class actions on behalf of institutional investors. During his time there, he prosecuted the *In re OM Group, Inc. Securities Litigation*, which resulted in a settlement of $92.4 million, as well as cases involving Biovail Corp., MasTec, Inc., Collins & Aikman Corp. and Scottish Re Group.

Mr. Tountas earned a B.A. from Union College in 2000 and a J.D. from Washington University School of Law in 2003. As a law student, he served as Editor-in-Chief of the *Journal*

*of Law & Policy* and was a finalist in the Environmental Law Moot Court Competition. Additionally, Mr. Tountas worked as Research Assistant to Joel Seligman, one of the country's foremost experts on securities law. In May 2003, he received the Scribe's Award in recognition of his Note entitled, "Carnivore: Is the Regulation of Wireless Technology a Legally Viable Option to Curtail the Growth of Cybercrime?," 11 Wash. U. J.L. & Pol'y 351.

Mr. Tountas is admitted to practice in New York and New Jersey and before the United States District Court for the Southern District of New York, the United States District Court for the District of New Jersey, and the United States Court of Appeals for the Ninth Circuit.

### PETER W. BRUEGGEN, ASSOCIATE                    *pbrueggen@labaton.com*

Peter W. Brueggen concentrates his practice on complex litigation, with a particular emphasis on class actions involving antitrust violations and securities fraud. He is a member of the team working on the class action against AIG, a case brought following the company's disclosure of fraud that resulted in a series of stock drops that wiped out more than $40 billion.

Other high profile matters in which he has been involved include *In re El Paso Corporation Securities Litigation*, which recently settled for $285 million and *In re Bristol-Myers Squibb Securities Litigation*, which resulted in a $185 million settlement as well as sweeping changes to the company's drug development process.

Earlier in his career, Mr. Brueggen played a key role in litigation against the tobacco industry, representing smokers who were deceived by the tobacco industry with regard to the addictive properties of cigarettes. He also represented numerous residents and firefighters who were injured as a result of a chemical plant explosion in New Jersey, which sent harmful toxins into the air of a surrounding community.

Prior to entering law school, Mr. Brueggen worked in research and production positions with ABC News.

Mr. Brueggen earned a B.A. from New York University in 1987 and a J.D. from Albany Law School in 1996. He is admitted to practice law in New York and New Jersey. He is a member of the American Bar Association, the New York State Bar Association and the New York County Lawyers' Association.

Mr. Brueggen is proficient in German.

## *SERENA RICHARDSON, ASSOCIATE*                     *srichardson@labaton.com*

Serena Richardson focuses her practice on securities class action litigation.

Prior to joining Labaton Sucharow, Ms. Richardson was an attorney at Ohrenstein & Brown LLP, where she participated in various federal and state commercial litigation matters. During her time there, she also defended financial companies in regulatory proceedings and assisted in high-profile coverage litigation matters in connection with mutual funds trading investigations.

Ms. Richardson received a B.A. from Occidental College in 1999 and a J.D. from Boston University School of Law in 2003, where she served as the Note Editor for the *Journal of Science & Technology Law*.

She is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Richardson is conversational in Urdu/Hindi.

*In Re Veritas Software Corp. Securities Litigation*

## LABATON SUCHAROW LLP
### Expense Report

| Expense | Amount |
|---|---|
| Assessment | $69,000.00 |
| Data Processing/Word Processing | 7,052.50 |
| Federal Express | 158.81 |
| Lexis/Westlaw | 1,924.84 |
| Litigation Support | 81.28 |
| Local Transportation | 2,002.28 |
| Messenger | 10.00 |
| Pacer/ChoicePoint | 381.13 |
| Photocopies | 3,213.12 |
| Postage | 0.37 |
| Publication | 895.00 |
| Telephone/Telecopier | 603.15 |
| Travel/Meals/Lodging | 8,593.32 |
| **TOTAL** | **$93,915.80** |

**EXHIBIT C**

701106 v1
[7/18/2008 10:52]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of July, 2008, a copy of the foregoing **Affidavit Of Ira A. Schochet On Behalf Of Labaton Sucharow LLP In Support Of Joint Petition For Attorneys' Fees And Disbursements** was served electronically by CM/ECF upon the following:

Peter J. Walsh, Jr., Esquire
Potter Anderson & Corroon LLP
The Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19801

Norman M. Monhait (#1040)