IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | : : : : | Case No: 04-CV-831 (SLR) Consolidated Action |
| This Document Relates to: ALL ACTIONS | : : : : : | |

**MEMORANDUM IN OPPOSITION TO THE COCHRAN/PENTZ OBJECTION TO LEAD PLAINTIFFS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

**HARWOOD FEFFER LLP**
Robert I. Harwood
Jeffrey M. Norton
488 Madison Avenue
New York, NY 10022
Tel: (212) 935-7400

**LABATON SUCHAROW LLP**
Ira A. Schochet
David J. Goldsmith
140 Broadway
New York, NY 10005
Tel: (212) 907-0700

**IZARD NOBEL LLP**
Jeffrey S. Nobel
Seth R. Klein
Andrew M. Schatz (of counsel)
20 Church Street, Suite 1700
Hartford, CT 06103
Tel: (860) 493-6292

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**ROSENTHAL, MONHAIT & GODDESS, P.A.**
Norman M. Monhait (DSBA #1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
Email: nmonhait@rmgglaw.com

*Liaison Counsel for Lead Plaintiffs and the Class*

July 30, 2008

I.  **INTRODUCTION**

In direct violation of this Court's order with regard to timing and foundation, and without the slightest factual or legal basis to do so, professional objectors' counsel, Edward Cochran ("Cochran") and John Pentz ("Pentz"), appear on the eve of the final fairness hearing objecting to a fee request for the sole purpose of extracting a fee for themselves. *See* Objection to Motion for Attorney's Fees (the "Objection") (D.I. 138). Individually and together, these two objectors' counsel have made a career out of such eleventh hour tactics in dozens of class actions.[1] Recently, in one such matter where the two appeared, Judge Marbley of the Southern District of Ohio noted that:

> class actions also attract those in the legal profession who subsist primarily off of the skill and labor of, to say nothing of the risk borne by, more capable attorneys. ***These are the opportunistic objectors. Although they contribute nothing to the class, they object to the settlement, thereby obstructing payment to lead counsel or the class in the hope that lead plaintiff will pay them to go away.*** Unfortunately, the class-action kingdom has seen a Malthusian explosion of the opportunistic objectors, which now seem to accompany every major securities litigation.

---

1  Cases where Mr. Cochran and/or Mr. Pentz have *unsuccessfully* represented objectors include: *In re Cardinal Health, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 38386 (S.D. Ohio May 5, 2008); *Synfuel Technologies v. DHL Express*, 463 F.3d 646 (7th Cir. 2006); *In re Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp.2d 383 (D. Md. 2006); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52 (D. Mass. 2005); *Varacallo v. Massachusetts Mut. Life Ins., Co.*, 226 F.R.D. 207 (D.N.J. 2005); *Benacquisto v. American Express*, CA No. 00-cv-1980 (D. Minn.); *In re Automotive Refinishing Paint Antitrust Litig.*, 2004 U.S. Dist. LEXIS 29162 (E.D. Pa. Oct.13, 2004); *In re Diet Drug Litig.*, MDL No. 1203 (E.D. Pa); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002); *Tenuto v. Transworld Sys., Inc.*, 2002 WL 188569 (E.D. Pa. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001); *Shaw v. Toshiba Am. Information Sys., Inc.*, 91 F. Supp.2d 942 (E.D. Tex. 2000); *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000); *Morse v. McWhorter*, CA No. 97-cv-370 (M.D. Tenn.); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp.2d 503 (E.D.N.Y 2003); *Baynham v. PMI Mortgage Ins. Co.*, 313 F.3d 1337 (11th Cir. 2002); *In re Lorazepam/Cloraze & Clorazepam Antitrust Litig.*, 205 F.R.D. 369 (D.D.C. 2002); *In re Disposable Contact Lens Antitrust Litig.*, 94-MDL-1030 (M.D. Fl.); *Schwartz v. Universal Bank*, 00-75 (C.D. Cal.); *In re Serzone Prod. Liab. Litig.*, 231 F.R.D. 221 (S.D. W. Va. 2005); *In re Insurance Brokerage Antitrust Litig.*, 2007 WL 2589950 (D.N.J. Sept. 4, 2007); *In re Pay Pal Litig.*, 2004 WL 2445244 (N.D. Cal. Oct. 13, 2004).

*In re Cardinal Health, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 38386, at *9-10 (S.D. Ohio May 5, 2008) (emphasis added). Nonetheless, because the objection was filed late in contravention of the Court-ordered requirements of the notice, and because it is otherwise substantively defective in that it neither provides proof of the objectors' standing nor follows the proper notice of intention to appear procedures, it must be stricken.

Even assuming the objection was not untimely and defective, Cochran and Pentz's objection would still merit scant attention because it manifests a supreme ignorance of the facts of the case, a misinterpretation of the relevant law, and because it stands alone as the only objection having been filed after the dissemination of nearly 221,000 Notices of Pendency. Moreover, calling the co-lead plaintiffs weak, unsophisticated, and ineffective, not only demonstrates the objectors' obliviousness to the record but could not be further from reality. Lead Plaintiffs Tay Siew Choon ("Tay") and Mark Leonov ("Leonov") are both very sophisticated and successful investors in their own right who took their role as lead plaintiffs quite seriously. Indeed, the two spent hundreds of hours of their own time deeply involved in the litigation from its inception through the mediation and settlement process. Their respective declarations attest to their exemplary efforts in this regard.

Cochran and Pentz claim that if their clients were lead plaintiffs, they would have litigated the matter differently and negotiated a better deal up front. (Objection at 7). This begs the question of where those clients were at the onset of the litigation. There was ample notice of the actions and deadlines for lead plaintiff motions. Indeed, at least a dozen firms published news releases around that time.[2] However, neither Cochran nor Pentz, nor their clients Spitalieri and 771 Freedom Street, stepped forward to represent the class' interests; Tay and Leonov, and a number of other lead

---

[2] Many of the past PSLRA-mandated press releases can still be obtained through a simple

2

movants, did. Accordingly, and for the reasons set forth herein, the objection should be stricken and/or overruled.

## II. THE COCHRAN/PENTZ OBJECTION SHOULD BE STRICKEN AS UNTIMELY AND DEFECTIVE

### A. Objection is Untimely

This Court directed that any objections to the settlement or fee application were to be filed on or before June 30, 2008. The Notice of Pendency ("Notice"), which advises class members of the fee and expense application and the amount thereof, states unequivocally the deadline for filing such objections. *See* Notice at 14. The objectors here, by their own admission, willfully ignored the directive of the Court and as such their objection should be stricken.

Contrary to what the objectors argue, Fed. R. Civ. P. 23(h) specifically states a fee application is heard "at a time the court sets" and that "[n]otice of the motion must be served on all parties" with notice directed to "class members in a reasonable manner." Here, the details of the fee application, including the maximum amount sought, were contained in the Notice disseminated to the Class. The formal motion, directed to the parties in the litigation, which accompanied the papers in support of the fee application was not required to be served on individual absent class members and as such objectors' reliance on Local Rule 7.1.2 (b) is misplaced. Further, contrary to the representations of the objectors, there is no requirement in Rule 23(h) that requires notification of "when the motion is filed or how it can be accessed" and no authority is provided for such proposition. (Objection at 2). Accordingly, the objection is defective.

### B. Objectors Failed to Provide Proof of Membership in the Class

Additionally, the Notice clearly states that anyone objecting to any aspect of the settlement,

---

internet search.

3

including the request for attorneys' fees and expenses, must provide "proof of membership in the Class including the type of Veritas securities and amount you held on April 23, 2003 and the type of Veritas securities and amount you purchased or acquired and sold between April 23, 2003 and July 6, 2004." *See* Notice at p. 14. Here, the objectors provide no proof that they are actual Class Members with standing to challenge any aspect of the settlement or fee and expense request. Accordingly, the objection is defective.

### C. Objectors Failed to Provide Notice of Intent to Appear

The objectors state that they will present their objection to the Court at the final approval hearing on July 31, 2008. However, the Notice specifically instructs that any class member intending to appear at the hearing for the purpose of objecting must mail or deliver their "notice of intention to appear ... such that it is received no later than June 30, 2008." *See* Notice at 15. Again, the objectors failed to comply with this mandate and, as such, the Objection is defective.

### III. COCHRAN/PENTZ OBJECTION SHOULD BE OVERRULLED AS LEGALLY AND FACTUALLY FLAWED

The uniformly positive reaction of the Class to the Fee Application is the strongest evidence that the request is fair and reasonable. *See, e.g., In re Ravisent Techs., Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 6680, at *39-40 (E.D. Pa. Apr. 19, 2005); *In re Cell Pathways, Inc. Sec. Litig. II*, 2002 U.S. Dist. LEXIS 18359, at *24 (E.D. Pa. Sept. 23, 2002); *In re Rent-Way Sec. Litig.*, 305 F. Supp.2d 491, 502 (W.D. Pa. 2003); *In re Aetna Inc. Sec. Litig.*, 2001 U.S. Dist. LEXIS 68, at *48 (E.D. Pa. Jan. 4, 2001); *In re Charter Commc'ns, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 14772, at *59 (E.D. Mo. Jun. 30, 2005); *In re Xcel Energy, Inc. Sec., Derivative & ERISA Litig.*, 364 F. Supp.2d 980, 996 (D. Minn. 2005). The number and quality of the objections enables a court to gauge the reaction of a class to a request for an award of attorneys' fees. *In re Xcel*, 364 F. Supp.2d at 996, 998. Here,

nearly 221,000 Notices were disseminated, fully describing the settlement and the anticipated fee request, and there was not a single objection filed within the deadline to do so -- and only the late-filed Cochran/Pentz objection thereafter. For this reason alone, the objection should be overruled as it belies the overwhelming will of the Class. *See, e.g., Datatec Sys.,* 2007 U.S. Dist. LEXIS 87428, at *9 (D.N.J. Nov. 28, 2007) (lack of objections from the class members "weighs strongly in favor" of approval of the settlement); *see also In re Elec. Carbon Prods. Antitrust Litig.*, 447 F. Supp.2d 389, 399 (D.N.J. 2006)(same).

Without any legal authority to support the argument, Cochran/Pentz assert that a 30% fee is excessive and that Plaintiffs' counsel should be limited to their lodestar. (Objection at 7). However, this is not the law of the Third Circuit where the percentage of recovery method is the preferred approach for determining attorneys' fee awards in common fund cases. *See In re Warfarin Sodium*, 212 F.R.D. at 261; *In re GMC Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995); *In re Cendant Corp. Litig.*, 264 F.3d 201, 256 (3d Cir. 2001). Even if the Court were to undertake a lodestar cross-check, the multiplier of approximately 1.52 is exceedingly reasonable and falls near the bottom or below the range of multipliers typically awarded in comparable cases.[3]

The main argument put forth by Cochran/Pentz is that the Lead Plaintiffs Tay and Leonov are unsophisticated and uninvolved individuals who did not properly monitor the litigation or counsel. (Objection 4-8). This absurd argument, based entirely on conjecture, could not be further from the truth. As detailed in Plaintiffs' Fee Application and their respective declarations, Messrs Tay and Leonov were intimately involved throughout the litigation and gave extraordinary efforts in that regard, dedicating hundreds of hours over four years. Unlike the objectors, Messrs Tay and Mr.

---

[3]   *See* collected cases in Lead Plaintiffs' Brief In Support of Application for an Award of Attorneys' Fees and Expenses.

5

Leonov stepped forward to protect the interests of the class at the beginning and remain involved and engaged to this day. For Cochran/Pentz to sit on the sidelines and then unfairly and unfoundedly disparage these Lead Plaintiffs, for the sole purpose of delaying payment to the Class and extracting a fee for themselves, is reprehensible.

## IV. CONCLUSION

For the foregoing reasons, the Cochran/Pentz objection should be stricken and/or overruled.

| | |
|---|---|
| HARWOOD FEFFER LLP<br>Robert I. Harwood<br>Jeffrey M. Norton<br>488 Madison Avenue<br>New York, NY 10022<br>Tel: (212) 935-7400<br><br>LABATON SUCHAROW LLP<br>Ira A. Schochet<br>David J. Goldsmith<br>140 Broadway<br>New York, NY 10005<br>Tel: (212) 907-0700<br><br>IZARD NOBEL LLP<br>Jeffrey S. Nobel<br>Seth R. Klein<br>Andrew M. Schatz (of counsel)<br>20 Church Street, Suite 1700<br>Hartford, CT 06103<br>Tel: (860) 493-6292<br><br>**Co-Lead Counsel for Lead Plaintiffs<br>and the Class** | ROSENTHAL, MONHAIT &<br>GODDESS, P.A.<br><br>By: _/s/ Norman M. Monhait_<br>Norman M. Monhait (DSBA #1040)<br>919 Market Street, Suite 1401<br>Citizens Bank Center<br>P.O. Box 1070<br>Wilmington, DE 19899-1070<br>(302) 656-4433<br>Email: nmonhait@rmgglaw.com<br><br>**Liaison Counsel for Lead Plaintiffs and<br>the Class** |

July 30, 2008

6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of July, 2008, a copy of the foregoing **Memorandum In Opposition To The Cochran/Pentz Objection To Lead Plaintiffs' Application For An Award Of Attorneys' Fees And Expenses** was served electronically by CM/ECF upon the following:

Peter J. Walsh, Jr., Esquire
Potter Anderson & Corroon LLP
The Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801

Jeffrey S. Friedman, Esquire
Brian E. Lutness, Esquire
Silverman McDonald & Friedman
1010 Bancroft Parkway, Suite 22
Wilmington, Delaware 19805

_____
Norman M. Monhait (#1040)